This is a periodic alimony modification case.
By the terms of the January 1980 judgment which divorced the parties, the husband was ordered to pay to the wife $300 each month as alimony. In July 1986 the wife sought an increase in those payments. She averred in her motion to modify that the circumstances changed after the rendition of the divorce judgment, that her health has continued to deteriorate, that she has not been able to find employment, that the cost of living has materially increased in the past six years, that the husband's *Page 1010 
income has substantially increased, and that he is well able to pay a sum more commensurate with the wife's needs. The only averment in the husband's answer was that the wife's motion failed to set out material facts upon which relief could be granted. An evidentiary hearing was held ore tenus before the trial court. The alimony payments were increased to $425 per month, and the husband appealed after his motion to reconsider was overruled by the trial court.
No transcript of the trial evidence, or an authorized substitute therefor, is contained in the record. Consequently, we are required to conclusively presume that the final judgment of the trial court was supported by the ore tenus testimony.Maker v. Maker, 487 So.2d 948 (Ala.Civ.App. 1986); Jones v.Jones, 464 So.2d 125 (Ala.Civ.App. 1985).
As we understand it, the husband argues that the grounds averred by the wife in her motion to modify were inadequate upon which to base the modification judgment.
All that is essential is that a claim for relief contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief and (2) a demand for judgment for the relief to which the pleader deems himself entitled. Rule 8(a), A.R.Civ.P. That rule is complied with if the claim for relief gives to the opponent fair notice of the pleader's claim and the grounds upon which it rests. Carter v. Calhoun CountyBoard of Education, 345 So.2d 1351 (Ala. 1977). The discovery process bears the burden of filling in the factual details. 5 C. Wright A. Miller, Federal Practice and Procedure § 1215, p. 110 (1969). A fair reading and study of the Alabama Rules of Civil Procedure lead to the determination that pleading technicalities are now largely avoided and that the pleading of legal conclusions is not prohibited, as long as the requisite fair notice is provided thereby to the opponent. The averments contained in the wife's motion to modify complied with the requirements of Rule 8(a) and gave such notice to the husband.
We affirm.
The wife is awarded an attorney's fee on this appeal in the amount of $500 which shall be paid by the appellant.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.