Oscar Newman, Jr., and Sue Kay Newman were divorced by the Circuit Court of Tuscaloosa County in 1978. The husband was ordered to pay $300 per month in child support. In 1992 the wife filed a motion to have the husband held in contempt, alleging that he had failed to pay child support. Following a hearing on the matter, the husband was found in contempt. The trial court sentenced him to 350 days' incarceration for criminal contempt. The trial court found the accumulated arrearage, plus interest, to be approximately $75,000.
The husband petitioned the court for a writ of habeas corpus, which was denied. The husband appeals.
The husband asserts that he was denied due process of law. He insists that such a denial was evidenced by the fact that he "was not given notice of the charges until less than twenty-four hours before his hearing."
This court cannot assume error, nor can it presume the existence of facts as to which the record is silent. Dais v.Dais, 420 So.2d 278 (Ala.Civ.App. 1982). The appellant has the burden of ensuring that the record contains sufficient evidence to warrant reversal. Matter of Coleman, 469 So.2d 638
(Ala.Civ.App. 1985). Furthermore, when a trial court's order is based on evidence that is not before the appellate court, we conclusively presume that the court's judgment is supported by the evidence. Mitchell v. Mitchell, 506 So.2d 1009
(Ala.Civ.App. 1987).
The record fails to support the husband's due process claims. It is devoid of any evidence concerning the time between the notice and the hearing. Perhaps, we would be able to address the issue if the husband had raised it at the contempt hearing. He, however, did not complain of a due process violation until he filed his posttrial motion. He had a hearing and was present before the court. There was a hearing on the posttrial motion, but we have no transcript of that hearing. *Page 1173 
The trial court found that the husband had not been deprived of any due process. We presume that the court's order is supported by the evidence. We find no error.
The husband insists that he does not have the ability to pay the child support arrearage, and, therefore, that his petition for habeas corpus should have been granted.
If the accused can prove that he is unable to comply with the decree due to want of means rather than mere contumacy, then there can be no finding of contempt. Hurd v. Hurd,485 So.2d 1194 (Ala.Civ.App. 1986). This court's review of a finding of contempt is limited to questions of law. If there is any evidence to support the trial court's finding, the judgment will not be disturbed. Hurd.
The husband failed to present any direct evidence of his inability to pay. He invoked the fifth amendment and refused to testify at trial. In invoking the fifth amendment, the husband's attorney explained that "there are currently proceedings in federal court in Atlanta and it's contrary to his interest to testify before this Court as to any assets or distribution of assets and particularly under the circumstances of criminal contempt." The husband's common-law wife testified on his behalf. The trial court, however, discarded her testimony, finding that it lacked credibility.
Subsequent to the contempt hearing, the husband informed the trial court that he had filed a voluntary petition for bankruptcy. He insists that the petition for bankruptcy supports his defense of inability to pay. There is, however, no copy of the bankruptcy petition in the record.
Concerning the husband's inability to pay, the trial court made the following finding:
 "There is no question in the mind of the Court that the [husband] continues to conceal substantial assets and is employing every artifice and device to evade and avoid his responsibilities under the Orders previously rendered by this Court and has totally refused to meet his obligation when he has had the ability to do so."
Our review of the evidence supports the trial court's conclusion that the husband possessed the ability to pay, but willfully refused to do so.
The husband finally asserts that the trial court exceeded its authority in ordering that he be imprisoned for 350 days.
The wife testified that she received one child support payment after the parties were divorced. As noted previously, the husband failed to proffer any credible evidence in defense of his non-payment.
The court found that the husband had failed to make 73 child support payments. It found that the husband was not responsible for three of the payments because of the minor child's three-month marriage. The court found that the teenage marriage did not emancipate the minor and was, therefore, of no further consequence. The court found the husband guilty of criminal contempt on 70 separate and specific counts and sentenced him to 70 consecutive five-day sentences. We are cited to no authority that each failure to obey the order of the court was not a separate act of contempt.
In accordance with Norland v. Tanner, 563 So.2d 1055
(Ala.Civ.App. 1990), we find no abuse or excess in the ordered imprisonment.
The judgment of the trial court in denying the husband's petition for habeas corpus is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur. *Page 1174