On November 8, 1995, Larry Eugene Leeth and his wife, Edna Lee Leeth, sued Jim Walter Homes, Inc. ("Jim Walter"); Mid-State Homes, Inc. ("Mid-State"); and E. M. Sparkman, seeking compensatory and punitive damages on claims of fraud, breach of contract, and negligence in the performance of a survey. The Leeths alleged that as a result of a wrongful survey by Sparkman, they obligated themselves to pay for a home constructed by Jim Walter and Mid-State that was located on the wrong land. On June 19, 1996, Jim Walter counterclaimed, alleging that the Leeths had defaulted on their promissory note to finance the construction of the home.
On January 17, 1997, Jim Walter and Mid-State moved for a summary judgment on the Leeths' claims; Jim Walter also sought a summary judgment on its counterclaim. Although the trial court denied the motion as to the Leeths' claims, it entered a summary judgment for Jim Walter on its counterclaim and reserved the issue of the determination of damages for the presentation of evidence. During the ensuing litigation, the Leeths had various disputes with their lawyers. After May 19, 1998, when their second lawyer withdrew from the case, the Leeths proceeded pro se. Although the trial court instructed the Leeths about the importance of obtaining counsel, they elected to try the case pro se. The case was tried before a jury on April 12 and 13, 1999. At the close of the Leeths' case, the defendants moved for a judgment as a matter of law, and the trial court granted their motion. After the trial court dismissed the jury, it received evidence concerning damages on Jim Walter's counterclaim and entered a judgment for Jim Walter in the amount of $59,865.36.
The Leeths' motion to vacate the judgment, or in the alternative, for a new trial, was denied on June 11, 1999. They appealed to the Supreme Court of Alabama; that court transferred the appeal to this court, pursuant to § 12-2-7, Ala. Code 1975.
The record reveals that the Leeths entered into a contract with Jim Walter for the construction of a home on property that the Leeths expected to obtain from Larry Leeth's grandmother, Mary Leeth. The Leeths hired Sparkman to survey a one-acre parcel of Mary Leeth's property to be conveyed to the Leeths and to serve as a home site. A deed was prepared regarding a parcel of land described by use of the legal description taken from Sparkman's survey; the deed conveyed the land to the Leeths, and a home was constructed on the parcel after the Leeths received the deed in 1992. In 1993, the Leeths began a property-line dispute with their neighbor. The Leeths' participation *Page 246 
in the property-line dispute ultimately led to their assertion in 1994 that the house constructed for them by Jim Walter was not on the property they had received from Mary Leeth. The record is incomplete, in that it does not contain a transcript of the proceedings at trial.
The Leeths make a number of factual and legal arguments in this appeal. These arguments can be generally divided into two legal contentions: (1) that the trial court erred in granting the defendants a judgment as a matter of law as to the Leeths' breach-of-contract claim and (2) that the trial court erred in granting the defendants a judgment as a matter of law as to the Leeths' fraud claim. It should be noted that the Leeths do not make any argument in this appeal as to the trial court's entry of a judgment for Jim Walter on its counterclaim.
Our standard for a judgment as a matter of law is the same as the standard previously used for reviewing a directed verdict:
 "We note that Rule 50, Ala.R.Civ.P., effective October 1, 1995, renames the term `motion for a directed verdict' as a `motion for a judgment as a matter of law,' and renames the term `motion for a judgment notwithstanding the verdict' as a `renewal of a motion for a judgment as a matter of law.' However, the standard of review applicable to the trial court's denial of the motions for a judgment as a matter of law is the same standard of review previously applicable to a trial court's denial of a motion for a directed verdict and a motion for a judgment notwithstanding the verdict:
 `"The standard of review applicable to a ruling on a motion for JNOV is identical to the standard used by the trial court in granting or denying a motion for directed verdict. Turner v. Peoples Bank of Pell City, 378 So.2d 706 (Ala. 1979). Thus, in reviewing the trial court's ruling on the motion, we review the evidence in a light most favorable to the nonmovant, Ritch v. Waldrop, 428 So.2d 1 (Ala. 1982), and we determine whether the party with the burden of proof has produced sufficient evidence to require a jury determination. Macon County Comm'n v. Sanders, 555 So.2d 1054 (Ala. 1990).'
 "American Nat'l Fire Ins. Co. v. Hughes, 624 So.2d 1362, 1366 (Ala. 1993)."
Grand Manor, Inc. v. Dykes 778 So.2d 167, 169 (Ala.Civ.App. 1998).
At the outset, we must note that the Leeths are here as pro se appellants. Their lack of legal training does not entitle them to any special exemption from the application of the law and rules of procedure ordinarily applied by this court.
 "This court is not unsympathetic to a pro se litigant; however, the rules governing the operation of the courts of this state are no more forgiving to a pro se litigant than to one represented by counsel. Bowman v. Pat's Auto Parts, 504 So.2d 736 (Ala.Civ.App. 1987). Thus, a party acting pro se must comply with legal procedure and court rules and may not avoid the effect of the rules because of unfamiliarity. See Hines v. City of Mobile, 480 So.2d 1203 (Ala. 1985)."
Sullivan v. Alfa Mut. Ins. Co., 656 So.2d 1233, 1233-34
(Ala.Civ.App. 1995). See also K.W. v. State Dep't of Human Resources,614 So.2d 452 (Ala.Civ.App. 1992).
Unfortunately for the Leeths, all of their arguments concern the trial court's conduct and the sufficiency of the evidence presented at trial. It is well settled that an appellant has the burden of presenting a record containing sufficient evidence to show error by the trial court. *Page 247 
 "This court cannot assume error, nor can it presume the existence of facts to which the record is silent. Davis v. Davis, 420 So.2d 278 (Ala.Civ.App. 1982). The appellant has the burden of ensuring that the record contains sufficient evidence to warrant reversal. Matter of Coleman, 469 So.2d 638 (Ala.Civ.App. 1985). Furthermore, when a trial court's order is based on evidence that is not before the appellate court, we conclusively presume that the court's judgment is supported by the evidence. Mitchell v. Mitchell, 506 So.2d 1009 (Ala.Civ.App. 1987)."
Newman v. State, 623 So.2d 1171, 1172 (Ala.Civ.App. 1993). Seealso Browning v. Carpenter, 596 So.2d 906 (Ala. 1992); Totten v.Lighting Supply, Inc., 507 So.2d 502 (Ala. 1987).
Absent a transcript of the proceedings at trial, this court has no way of determining whether the Leeths' evidentiary presentation was sufficient to warrant consideration by a jury. That is, this court has no way to determine whether the trial court properly entered a judgment as a matter of law for the defendants on the Leeths' claim. The Leeths' failure in this regard requires this court to presume that the trial court acted correctly and to affirm its judgment. Newman, supra. Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.
Yates, Monroe, Crawley, and Thompson, JJ., concur. *Page 248