Trudie Hayes Scott ("the mother") appeals from a divorce judgment that, she claims, improperly "stayed" the child-support obligation of Joe F. Scott ("the father"). The father cross-appeals and asserts that the trial court's judgment is erroneous because the record does not contain any of the child-support-guideline forms required by Rule 32, Ala. R. Jud. Admin.
The parties were married on August 19, 1994; one child was born to the parties on November 25, 1998. In October 1999, while employed by Cerro Wire and Cable Company as a welding-machine operator, the father suffered a serious job-related injury. The father received temporary-total-disability benefits for a period; subsequently, he filed an action pursuant to the Alabama Workers' Compensation Act requesting permanent-partial- or permanent-total-disability benefits. The father settled that action, and the father received a lump-sum award as a consequence of that settlement; in addition, at the time of trial in this action, the father was awaiting a decision from the United States Social Security Administration as to whether he qualified for Social Security disability benefits on account of his injuries.
On June 14, 2002, the mother filed a complaint requesting a divorce on the basis of incompatibility of temperament. In that complaint, she requested custody of the parties' child, an appropriate amount of child support, an equitable division of the parties' assets and debts, and an equitable division of the parties' possessions. Two months later, the father filed an answer to the mother's complaint; he also filed a counterclaim in which he requested a divorce and alleged that the mother was participating in an adulterous relationship and that, therefore, he should be awarded custody of the child. The trial court entered a pendente lite order awarding custody of the child to the mother and requiring the father to pay $349 in monthly child support.
In February 2003, the mother filed a motion requesting that the father be found in contempt because, she alleged, throughout the pendency of the divorce proceedings, he had failed to pay any child support and had failed to contribute money to defray any of the joint expenses or debts of the parties. The trial court set a hearing on that motion for contempt to be held at the same time as the hearing on the competing divorce complaints.
Following an ore tenus proceeding, on January 21, 2004,[1] the trial court entered a judgment divorcing the parties on the basis of incompatibility of temperament. In that judgment, the trial court awarded custody of the child to the mother; the trial court awarded the father standard visitation and ordered him to pay $349 in monthly child support. The trial court also computed retroactive child support from the date of the mother's complaint through December 2003 and awarded the mother a total child-support arrearage in the amount of $10,052. The paragraph awarding the arrearage contained the following language:
 "Execution is stayed in this case pending the outcome of the disability social security case of the [father]. From any sums deemed owed to the children, the *Page 579 
court will grant a set off against the arrearage in this cause. If the amount of past due [benefits] coming from the Social Security Administration is less than the $10,052, the [father] shall make up the difference. If the claim is over $10,052 for the children, the [mother] shall not be ordered to reimburse the [father] any of this money."
(Emphasis added.)
Under the well-established ore tenus rule, the trial court's judgment is presumed correct; this court will not reverse the judgment absent a showing that the trial court's findings are plainly and palpably wrong or that the trial court abused its discretion. Tompkins v. Tompkins, 843 So.2d 759, 764
(Ala.Civ.App. 2002). Moreover, matters relating to child support "rest soundly within the trial court's discretion, and will not be disturbed on appeal absent a showing that the ruling is not supported by the evidence and thus is plainly and palpably wrong." Bowen v. Bowen, 817 So.2d 717, 718 (Ala.Civ.App. 2001).
The mother's entire contention on appeal is that the divorce judgment improperly "stayed" payment of the father's current child-support obligation in the amount of $349. We disagree. The trial court's judgment specifically orders the father to pay $349 in monthly child support, and then carefully calculates a total arrearage through December 2003 in the amount of $10,052. The above-quoted portion of the judgment is properly interpreted to "stay" payment of that child-support arrearage only; accordingly, we do not read that language to "waive" or otherwise defer the payment of the father's ongoing monthly child-support obligation.
The mother correctly asserts that in Alabama child-support installments are "`final judgments once due, and the support already owed cannot be waived.'" Preussel v. Preussel,874 So.2d 1124, 1127 (Ala.Civ.App. 2003) (quoting Phillippi v. Stateex rel. Burke, 589 So.2d 1303, 1304 (Ala.Civ.App. 1991)). It is clear from the briefs submitted to this court that both parties have incorrectly interpreted the quoted language in the divorce judgment to be an absolute "stay" of all child-support payments during the time that the father is pursuing a decision regarding his eligibility for Social Security disability benefits. To interpret the judgment as "staying" current child-support payments would not be consistent with the language of the judgment or with Alabama caselaw. Although a transcript of the trial court's ore tenus hearing might have indicated a contrary intent on the part of the trial court, we cannot interpret the plain meaning of the judgment under review as aggrieving the mother in the manner she has claimed.
Having resolved the issue raised by the mother in her appeal, we next address the father's cross-appeal in which he asserts that the child-support award contained in the divorce judgment must be reversed because the record does not contain any of the child-support-guidelines forms as required under Rule 32, Ala. R. Jud. Admin.
This court has held that where the record does not reflect compliance with Rule 32(E), Ala. R. Jud. Admin. (which requires the filing both of "Child Support Obligation Income Statement/Affidavit" forms, or CS-41 forms, and a "Child Support Guidelines" form, or a CS-42 form), and where child support is made an issue on appeal, this court will remand, or reverse and remand, for compliance with the rule. Martin v. Martin,637 So.2d 901, 903 (Ala.Civ.App. 1994). We have, however, affirmed a child-support award where, despite the absence of the required forms, we could discern from the testimony in the record what figures the trial court used in *Page 580 
computing the child-support award. See, e.g., Dunn v. Dunn,891 So.2d 891, 896 (Ala.Civ.App. 2004); Rimpf v. Campbell,853 So.2d 957, 959 (Ala.Civ.App. 2002); Mosley v. Mosley,747 So.2d 894, 898 (Ala.Civ.App. 1999); and Dismukes v. Dorsey,686 So.2d 298, 301 (Ala.Civ.App. 1996).
Neither the mother nor the father ordered a transcript of the trial for inclusion in the appellate record. Without a transcript, we do not have access to the testimony presented by the witnesses at trial. The record submitted on appeal does not contain any exhibits that may have been submitted in conjunction with that testimony. The trial court stated in its judgment that it "noted from previous records that the parties agreed that $359 per month was a fair amount of child support given the circumstances of the parties." The "records" to which the trial court refers have not been provided to this court as part of the record on appeal.
Alabama law is well settled that an "`appellant has the burden of ensuring that the record contains sufficient evidence to warrant reversal.'" Leeth v. Jim Walter Homes, Inc.,789 So.2d 243, 247 (Ala.Civ.App. 2000) (quoting Newman v. State,623 So.2d 1171, 1172 (Ala.Civ.App. 1993)). In addition, when a trial court's judgment "`is based on evidence that is not before the appellate court, we conclusively presume that the court's judgment is supported by the evidence. Mitchell v. Mitchell,506 So.2d 1009 (Ala.Civ.App. 1987).'" Leeth, 789 So.2d at 247
(quoting Newman, 623 So.2d at 1172); see also Smith v. Smith,596 So.2d 1 (Ala. 1992). Based on the trial court's judgment, and in light of the omissive nature of the record before us on appeal, we presume in this case that the trial court acted correctly. Leeth, 789 So.2d at 247; Smith, 596 So.2d at 1.
Based on the foregoing reasoning and authorities, the trial court's judgment is due to be affirmed.
AFFIRMED.
CRAWLEY, P.J., and THOMPSON, MURDOCK, and BRYAN, JJ., concur.
[1] Neither party ordered a copy of the transcript of the ore tenus proceeding held in this case.