PITTMAN, Judge.
 

 This appeal concerns the child-support component of a judgment entered by the Dallas Circuit Court divorcing Marianna B. Powell (“the mother”) and James Powell (“the father”). The mother filed a complaint in July 2008, seeking, among other things, a divorce based upon incompatibility of temperament, custody of the parties’ now two-year-old child, and an award of
 
 *17
 
 child support in accordance with Rule 32, Ala. R. Jud. Admin., as then in effect.
 
 [1]
 
 The father was served, but he did not retain counsel; the parties then settled all issues between them except for the appropriate amount of child support. At an ore tenus hearing, the mother’s attorney submitted a Form CS-42 (a “Child-Support-Guidelines” form) indicating that the father earned a gross amount of $3,524 per month, a figure derived from an earning statement indicating that the father had earned a total of $42,292.65 at his job during 2008. The father, however, disputed the proposition that the Form CS-42 submitted by the mother’s attorney properly stated his current monthly income, as the following transcribed exchange indicates (emphasis added):
 

 “THE COURT: ... [W]hat is it that you want me to know?
 

 “[The father]: Sir, he is saying I make $3,400 a month.
 
 I don’t make that.
 
 Here’s the chart I had. It’s based on the court system.
 
 These are the check stubs running concurrent to today from 9-6 until now.
 

 “THE COURT: What?
 

 “[The father]:
 
 Here are the check stubs showing that I don’t make the substantial amount that he is saying I do. I don’t make but [$]2,000.
 

 “THE COURT: I mean this is your earning statement, isn’t it?
 

 “[The father]: Right.
 
 And it will be like that at the end of the year.
 
 I might go to work and be laid off by the economy being the way it is ....
 

 “THE COURT:
 
 Are y’all just going to let me look at this?
 

 “[The mother’s attorney]:
 
 Yes, sir.
 

 “[The father]: Right.
 

 “THE COURT: And I will give you a ruling on it.”
 

 Although the mother had requested a monthly child-support award of $654, the trial court awarded only $500 per month. The mother filed a postjudgment motion challenging that award as an impermissible deviation from the child-support guidelines, but that motion was denied. The mother now appeals, reiterating her contention made in the trial court as to the child-support award.
 

 “Under the well-established ore tenus rule, the trial court’s judgment is presumed correct; this court will not reverse the judgment absent a showing that the trial court’s findings are plainly and palpably wrong or that the trial court abused its discretion. Moreover, matters relating to child support ‘rest soundly within the trial court’s discretion, and will not be disturbed on appeal absent a showing that the ruling is not supported by the evidence and thus is plainly and palpably wrong.’ ”
 

 Scott v. Scott,
 
 915 So.2d 577, 579 (Ala.Civ.App.2005) (citations omitted). Moreover, “Alabama law is well settled that an ‘ “appellant has the burden of ensuring that the record contains sufficient evidence to warrant reversal,” ’ ” and “when a trial court’s judgment ‘ “is based on evidence that is not before the appellate court, we conclusively presume that the court’s judgment is supported by the evidence.” ’ ”
 
 Id.
 
 at 580 (citations omitted).
 

 As we have noted, the mother’s counsel submitted a Form CS-42 that was premised upon the inference that because the father had earned $42,292 during 2008, his monthly gross income should be calcu
 
 *18
 
 lated as being $3,524 per month. Based upon that inference, the mother posited in the form that the parties’ joint monthly-adjusted gross income should be determined to be $5,119 and that the father’s share of the recommended basic child-support obligation of $665 plus permissible additional costs (such as day-care costs and health-insurance premiums) should be 64.5% of $1,014, or $654. However, the trial court was presented with countervailing testimonial evidence (and documentary evidence not appearing in the appellate record) tending to indicate that the father’s actual monthly gross income as of the time of trial was only approximately $2,000; if the trial court believed that testimony, as it properly could have under
 
 Scott,
 
 the father’s monthly adjusted gross income would be reduced to $1,780 (accounting for his preexisting child-support obligation of $220), and the parties’ total monthly adjusted gross income would fall to $3,595, of which the father’s share would be 49.5%.
 

 Had the trial court properly derived the basic child-support obligation for one child based upon a combined parental income of $3,595 from the chart appended to Rule 32, Ala. R. Jud. Admin., that was in effect for proceedings initiated before January 1, 2009
 
 (see
 
 note 1, supra), it would have determined
 
 that amount
 
 to be $500 (an amount that precisely matches the trial court’s support
 
 award
 
 — see Rule 32(c)(1)). However, in that event, the parties’
 
 total child-support costs
 
 (ie., the basic child-support obligation plus work-related childcare costs and health-insurance costs) should then have been calculated under the guidelines as having decreased from $1,014, as suggested by the mother in her Form CS-42, to $849, of which lower amount the father would have been responsible for only 49.5%, or $420.26. That necessary calculation was clearly not made, and the $500 award by the trial court in this case can be explained only as being either (a) an incomplete application of the Rule 32 child-support guidelines by the trial court using the father’s contended income figure or (b) an impermissible deviation from the child-support guidelines without compliance with Rule 32(A)(ii), which requires written findings to be stated in the event a deviation is ordered.
 

 We thus conclude that the mother’s contention that the child-support award is not in compliance with Rule 32, Ala. R. Jud. Admin., is well taken. We reverse the trial court’s judgment and remand the cause for that court to comply with Rule 32 by either (a) properly calculating the amount of child support due from the father under the Rule 32 child-support guidelines based upon the evidence and permissible inferences that could be made therefrom, or (b) making an express determination under Rule 32(A)(ii) that application of the child-support guidelines would be manifestly unjust or inequitable.
 

 REVERSED AND REMANDED WITH INSTRUCTIONS.
 

 THOMPSON, P.J., and BRYAN, THOMAS, and MOORE, JJ., concur.
 

 [1]
 

 . The Alabama Supreme Court has recently amended portions of Rule 32, Ala. R. Jud. Admin.; those amendments are, however, effective January 1, 2009, and March 1, 2009, and are not applicable in this case.