MOORE, Judge.
Armand John Ruberti (“the father”) appeals from a January 24, 2012, judgment of the Autauga Circuit Court (“the trial court”) awarding Tami Shea Ruberti (“the mother”) certain monthly monetary benefits labeled as “living expense assistance” based on her petition for postminority support for the parties’ disabled adult daughter, L.N.R. (“the daughter”).
The mother gave birth to the daughter on August 25, 1992, during the parties’ marriage. The parties were divorced by a judgment entered in 1994, with the mother receiving physical custody of the daughter and the father receiving specified visitation rights. On July 15, 2011, a little over a month before the daughter reached the age of majority, the mother filed a petition to modify the divorce judgment, requesting that the father pay postminority support for the daughter, who the parties stipulated was mentally and physically disabled. The trial court set the petition for a hearing on January 24, 2012. According to the judgment resulting from that hearing, the parties agreed to present, and did present, information to the trial court without a record.
The same day as the presentation of the information to the trial court, the trial court entered a judgment stating, in pertinent part:
“Court establishes a sum of $455.00 per month as living expense assistance payable to the mother commencing February 1, 2012. The Court establishes an arrearage for this expense, owed by [the father] to [the mother] in the sum of $2,730.00.”
The trial court further ordered the father to pay the attorney for the mother the sum of $2,789.08 within 180 days for the fees incurred in the action. The father filed a timely postjudgment motion, which the trial court granted in part and denied in part. The father timely appealed to this court.
The father first argues that the trial court erred in awarding the mother “living expense assistance.” The father contends that Alabama law does not recognize such an award, except for periodic alimony, which, he says, the mother did not request and could not recover. The father further notes that the mother petitioned only for postminority support for their adult disabled daughter, see Ex parte Brewington, 445 So.2d 294, 297 (Ala.1983) (recognizing that a parent can petition for postminority support for a disabled child), which, he says, can be awarded only in accordance with Rule 32, Ala. R. Jud. Admin., and the appendices to Rule 32, which establish guidelines for awarding child support (“the child-support guidelines”), see Ex parte Cohen, 763 So.2d 253, 256 (Ala.1999) (“If the trial court ... determines that the adult child is entitled to postminority support, then ... the court should use the child-support guidelines ... to calculate the proper amount of that support.”), with which, the father asserts, the trial court did not comply. Accordingly, the father contends that the trial court could not have ordered him to pay an arrearage of “living expense assistance.”
We cannot discern why the trial court labeled its award “living expense assistance.” The father speculates that the trial court characterized the award as “living expense assistance” in order to avoid any impact on the benefits the daughter was receiving from the Social Security Administration. See Abbett v. Treadwell, 816 So.2d 477, 482-83 (Ala.Civ.App.2000) (Crawley, J., concurring in the result) (disapproving of circuit court’s labeling of postminority support as “spousal support” *386 to avoid reduction in Supplemental Security Income benefits payable to disabled adult child). Even if true, the trial court’s use of that designation would not warrant a reversal of the judgment. “[T]he substance of the award takes precedence over the form or label.” Kenchel v. Kenchel, 440 So.2d 567, 569 (Ala.Civ.App.1983). “[T]he labels provided in a judgment are not controlling on the question of the true nature of the obligation.” Anderson v. Anderson, 686 So.2d 820, 324 (Ala.Civ.App.1996). An allowance “ ‘will be considered and construed in accordance with its substance and not its mere form.’ ” DuBoise v. DuBoise, 275 Ala. 220, 228, 153 So.2d 778, 785 (1963) (quoting Sullivan v. Sullivan, 215 Ala. 627, 629, 111 So. 911, 912 (1927)).
The mother petitioned solely for postminority support for the daughter. Such support, by definition, includes monetary payments made to cover the living expenses of a disabled adult child. See Martin v. Martin, 494 So.2d 97, 100 (Ala.Civ.App.1986). Postminority support necessarily assists the disabled child and the custodial parent with covering those costs. Thus, labeling an award of postminority support as “living expense assistance” does not transform that award into some other type of support, such as periodic alimony. To hold otherwise would be to invalidate the award on the ground that the father received no notice that such an award had been requested or could be adjudicated. See Kirkland v. Kirkland, 575 So.2d 1154 (Ala.Civ.App.1991) (award of periodic alimony vacated due to lack of due process when husband had no notice that wife was seeking alimony and parties had not litigated that issue). When construing judgments, this court should adopt that meaning that will assure the validity of the judgment rather than one that will render the judgment illegal and improper. Ex parte Snider, 929 So.2d 447, 457 (Ala.2005). Thus, we conclude that the trial court intended to, and did, award the mother postminority support under Brewington, supra.
Rule 32(E), Ala. R. Jud. Admin., specifically provides that CS-41 and CS-42 forms “shall be filed in each action to establish or modify child-support obligations and shall be of record....” In Martin v. Martin, 637 So.2d 901, 902 (Ala.Civ.App.1994), this court held that compliance with the filing requirements stated in Rule 32(E) is mandatory. However, since Martin, this court has excused the filing of CS-41 and CS-42 forms in cases in which the evidence in the record clearly established that the child-support award complied with the child-support guidelines. See, e.g., Dunn v. Dunn, 891 So.2d 891, 896 (Ala.Civ.App.2004). In this case, the parties stipulated that no record would be made of the proceedings, so we do not know for a fact that the trial court received the required forms and properly calculated the postminority support;[1] however, we do know that oral testimony was presented to the trial court. “ ‘[Wjhen a trial court’s order is based on evidence that is not before the appellate court, we conclusively presume that the court’s judgment is supported by the evidence.’ ” Leeth v. Jim Walter Homes, Inc., 789 So.2d 243, 247 (Ala.Civ.App.2000) (quoting Neuman v. State, 623 So.2d 1171, *387 1172 (Ala.Civ.App.1998)). Thus, we presume that the missing testimony would have clearly established that the trial court computed the father’s postminority-sup-port obligation in accordance "with the child-support guidelines. We reject the father’s arguments that the trial court failed to properly follow the guidelines and that the evidence did not support the trial court’s ultimate determination as to the amount of postminority support due.
The father further argues that the trial court erred in ordering him to pay the mother’s attorney’s fees. The father contends that, without a finding of contempt, the trial court had no basis for the award. The mother did seek to hold the father in contempt for failing to pay certain medical and dental expenses of the daughter, but the trial court elected not to hold the father in contempt. A trial court cannot award an attorney’s fee in a contempt action when no finding of contempt is made. Sosebee v. Sosebee, 896 So.2d 557, 564 (Ala.Civ.App.2004). However, “it is well settled that a trial court may award an attorney fee in a modification proceeding.” Beverly v. Beverly, 28 So.3d 1, 5 (Ala.Civ.App.2009). The judgment does not clearly state the basis for the attorney-fee award, but we note that the parties agreed to resolve all other pending matters, including the contempt claim filed by the mother, and litigated only the petition for modification of the divorce judgment to obtain postminority support. Under the circumstances, we construe the judgment as awarding a fee solely for the efforts of the mother’s attorney in prosecuting the modification petition. See Beverly, supra.
Finally, the father maintains that the amount of the attorney’s fee is not supported by the evidence. Again, because the parties stipulated that no record would be made of the proceedings, we must presume that the trial court received sufficient evidence to support its award. Leeth, supra. Hence, we find no basis for reversing the judgment due to the alleged lack of any evidence to support the attorney-fee award.
The judgment of the trial court is affirmed. The mother’s request for double the amount of her costs and fees pursuant to Rule 38, Ala. RApp. P., is denied.
AFFIRMED.
THOMPSON, P.J., and PITTMAN and THOMAS, JJ., concur.

. The father filed some forms as attachments to his postjudgment motion, but we do not know whether those forms had been filed with the trial court at the time of its decision or whether the mother had also filed forms at that time. Although the father asserts that he had filed his forms, and although the mother asserts that both parties had filed the appropriate forms, the record cannot be enlarged on appeal by such statements. Roberts v. Roberts, 424 So.2d 644, 645 (Ala.Civ.App.1982).