Rel: December 13, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2024-2025

_____

## CL-2024-0186

_____

## M.S.

## v.

## C.R.

_____

## CL-2024-0187

_____

## M.S.

## v.

## A.D. and K.D.

## Appeals from Elmore Circuit Court
## (JU-22-244.04 and JU-22-244.05)

HANSON, Judge.

M.S. ("the mother") appeals from judgments entered by the Elmore Circuit Court ("the circuit court") regarding the custody and support of P.C. ("the child"), who was born in May 2016. We affirm the circuit court's judgments insofar as they deny the mother's petition for a modification of custody and award custody of the child to C.R., the child's maternal great-aunt ("the custodian"), and A.D. and K.D., the maternal great-aunt's daughter and husband ("the petitioners"); we reverse the circuit court's judgments insofar as they award child support; and we remand the causes.

In March 2020, the Jefferson Juvenile Court entered a judgment finding the child dependent and awarding custody of the child to the custodian. At that time, the child and the custodian primarily resided in Elmore County, and they continued to reside there throughout the following proceedings. In December 2022, the mother commenced in the Elmore Juvenile Court ("the juvenile court") an action seeking to modify custody of the child ("the .01 action"). See § 12-15-302(c), Ala. Code 1975 (governing venue for actions to modify child-custody provisions in a dependency judgment). In January 2023, the petitioners commenced in the juvenile court an action also seeking to modify custody of the child

("the .02 action"). After informally consolidating the actions for trial purposes and conducting a final hearing, the juvenile court entered identical final judgments in each action that denied the mother's modification petition, awarded the mother additional visitation, awarded joint custody to the custodian and the petitioners, and ordered the mother to pay child support. The mother, who was a party to both judgments, filed timely notices of appeal. Because an adequate record of the juvenile court's proceedings was unavailable, the mother's appeals were docketed for de novo review in the circuit court. The mother's appeal of the judgment entered in the .01 action was docketed as case number JU-2022-244.04 ("the .04 action"), and her appeal of the judgment entered in the .02 action was docketed as case number JU-2022-244.05 ("the .05 action"). See Rule 28(B), Ala. R. Juv. P. ("Appeals from final orders or judgments in all other cases, including those cases in which there is not an adequate record as provided in subsection (A) of this rule, shall be to the circuit court for trial de novo, and the case shall be heard by a different circuit court judge if heard by a circuit court judge in the first instance in the juvenile court."); W.E.C. v. Madison Cnty. Dep't of Hum. Res., 909 So. 2d 849, 850 (Ala. Civ. App. 2005).

3

The circuit court informally consolidated the cases for trial purposes, conducted a two-day final hearing, and entered identical final judgments in the .04 action and the .05 action. The circuit court found that the mother had not meet the burden of proof set forth in Ex parte McLendon, 455 So. 2d 863 (Ala. 1984), to support a modification in custody of the child for the mother, that the petitioners had met their burden of proof, and that it was in the child's best interest to modify the child's legal and physical custody. The circuit court awarded the custodian and the petitioners joint legal and physical custody of the child and modified the mother's visitation with the child. Additionally, the circuit court's judgment provided: "Child support has been calculated pursuant to Rule 32, Ala. R. Jud. Admin., and is hereby ordered in the sum of $200.00 per month payable by the mother to [the petitioners]." The mother filed timely notices of appeal.

First, the mother challenges the sufficiency of the evidence to support the circuit court's judgments. The circuit court conducted a final hearing and considered ore tenus evidence when reaching its conclusions. Our caselaw is clear that "matters of child custody [and visitation] lie within the sound discretion of the trial court." Dean v. Dean, 998 So. 2d

1060, 1064 (Ala. Civ. App. 2008); and B.F.G. v. C.N.L., 204 So. 3d 399, 404 (Ala. Civ. App. 2016). The appellate record, however, does not contain a transcript of the final hearing.

> "When oral testimony was considered by the trial court in reaching its decision and this testimony is not present in the record as either a transcript or Rule 10(d)[, Ala. R. App. P.,] statement, it must be conclusively presumed that the testimony is sufficient to support affirmance. Adams [v. Adams, 335 So. 2d 174 (Ala. Civ. App. 1976)]. We agree with the following conclusion as stated in Adams:
>
>> "'"Under [the Alabama Rules of Appellate Procedure] it is not necessary to submit the entire transcript; however, there is a minimum below which an appellant who bases his argument on the weight and sufficiency of the evidence may not fall and still present a reviewable issue. The complete absence of any transcript or 10(d) statement of oral testimony falls below such a minimum."
>
> "'335 So. 2d at 177.'"

Jackson v. Jackson, 216 So. 3d 1254, 1256 (Ala. Civ. App. 2016).

Due to the absence of a transcript or statement of oral testimony, we cannot review the evidence presented and must presume that sufficient evidence supports the circuit court's judgments.

Next, the mother contends, and the petitioners concede although for different reasons, that the portion of the circuit court's judgment awarding child support must be reversed. We agree.

5

>        "'A noncustodial parent's child-support obligation is governed by the mandatory application of Rule 32, Ala. R. Jud. Admin. Smith v. Smith, 587 So. 2d 1217 (Ala. Civ. App. 1991). Rule 32(E), Ala. R. Jud. Admin., states that "[a] standardized Child Support Guidelines form and a Child Support Obligation Income Statement/Affidavit form shall be filed in each action to establish or modify child support obligations and [that those forms] shall be of record and shall be deemed to be incorporated by reference in the court's child support order." (Emphasis added.) The filing of the child-support-guidelines forms required under Rule 32(E) is mandatory. Martin v. Martin, 637 So. 2d 901 (Ala. Civ. App. 1994). This court has consistently held that the failure to file the required child-support-guidelines forms in compliance with Rule 32(E) where child support is made an issue on appeal is reversible error. Holley v. Holley, 829 So. 2d 759 (Ala. Civ. App. 2002); Gordon v. Gordon, 804 So. 2d 241 (Ala. Civ. App. 2001); and Martin v. Martin, supra.'
>
> "Wilkerson v. Waldrop, 895 So. 2d 347, 348-49 (Ala. Civ. App. 2004). See also Batain v. Batain, 912 So. 2d 283, 285 (Ala. Civ. App. 2005)(reversing child-support judgment because this court could not 'discern the basis for the trial court's child-support judgment')."

Morrow v. Dillard, 257 So. 3d 316, 325-26 (Ala. Civ. App. 2017).

In this case, the record contains some but not all the required child-support-guidelines forms. See Rule 32(E), Ala. R. Jud. Admin. Because the record does not contain all the required child-support forms and the

record does not include a transcript of the ore tenus evidence presented regarding the parties' incomes, we are unable to discern the basis of the circuit court's child-support award. Therefore, we must reverse the circuit court's judgments as to its award of child support and remand these causes for proceedings consistent with this opinion.[1]

---

[1]Judge Lewis in his special writing, relies on <u>Scott v. Scott</u>, 915 So. 2d 577, 579-80 (Ala. Civ. App. 2005), to support his contention that reversal of the child-support award is not required.

 In <u>Martin v. Martin</u>, 637 So. 2d 901, 902-03 (Ala. Civ. App. 1994), this court explained:

> "We hold, therefore, that the word 'shall' in Rule 32(E), Ala. R. Jud. Admin., mandates the filing of a standardized Child Support Guidelines Form and a Child Support Obligation Income Statement/Affidavit Form. In stipulated cases, however, the trial court may accept the filing of a Child Support Guideline Notice of Compliance Form. <u>We further hold that stipulated cases, i.e., where the parties have agreed upon a child support amount in compliance with the guidelines, are the only exceptions to the requirement of filing a child support guideline form and income affidavit forms.</u> See Comment, Rule 32, Ala. R. Jud. Admin. We presume that if the parties have agreed upon an amount for child support in compliance with Rule 32, then, if an appeal is taken by either party, the amount of child support will not be an issue before an appellate court. Without the child support form and the income statement forms, it is difficult and sometimes impossible for an appellate court to determine from the record if the trial court did or did not correctly apply the guidelines in establishing or modifying child support obligations."

CL-2024-0186 -- AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.

CL-2024-0187 -- AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.

Moore, P.J., and Edwards, J., concur.

Fridy, J., concurs specially, with opinion.

Lewis, J., concurs in part and dissents in part, with opinion.

---

(Emphasis added.)

In <u>Scott</u>, the trial court's judgment made a reference to an agreement made by the  parties concerning the amount of child support and, therefore, in accord with <u>Martin</u>, we presumed, even though we did not have an adequate record, that the trial court's child-support award was proper.  The record in this case does not contain an agreement made by the parties or a reference to an agreement made by the parties regarding the child-support award.  Therefore, <u>Scott</u> is distinguishable, and the presumption applied in <u>Scott</u> is not applicable in this case.

FRIDY, Judge, concurring specially.

I concur fully in the main opinion. I write specially to point out that it could be argued that the judgment under review was void for lack of subject-matter jurisdiction because of how the appeal from the Elmore Juvenile Court ("the juvenile court") was docketed and treated.

As the main opinion notes, the juvenile court, following the proceedings in that court, determined that the record was not adequate for appeal to this court, and as a result, M.S. ("the mother") filed a notice of appeal for a trial de novo in the Elmore Circuit Court ("the circuit court"). See Rule 28(B), Ala. R. Juv. P. However, the case-action summary for the appeal indicates that the appeal was docketed not in the circuit court but, instead, in the juvenile court. Moreover, the headings of the orders and the judgment in that appeal indicate that the appeal was proceeding before the juvenile court rather than the circuit court, and the signature block for the circuit-court judge who presided over the appeal indicated that she was acting not as a circuit-court judge but as a juvenile-court judge.

A juvenile court is not vested with appellate jurisdiction to conduct a trial de novo in an appeal from its own judgment; that jurisdiction lies

9

with the circuit court. However, I am convinced that the intention of the mother was to appeal the juvenile court's judgment to the circuit court, and I assume that the mislabeling of the court in the case-action summary, the headings of the orders, and the signature block of the circuit-court judge was a function of the electronic-filing system, caused by the fact that the case number for the appeal to the circuit court utilized a "JU" number rather than a "CV" number. Thus, the appeal proceeded appropriately before a circuit-court judge in the circuit court rather than before a juvenile-court judge in the juvenile court, notwithstanding the labels of the orders and the signature block of the circuit-court judge.

With that said, to the extent that my assumption is correct about why the appeal appeared to be docketed in the juvenile court rather than the circuit court, I strongly encourage the Administrative Office of Courts or any other entity tasked with maintaining the electronic-docketing system to implement whatever measures are necessary to ensure that appeals from juvenile courts to circuit courts are accurately docketed in the circuit courts and that the orders and judgments that the electronic system generates in those appeals accurately reflect that the appeal is being heard by a circuit court rather than by a juvenile court.

10

LEWIS, Judge, concurring in part and dissenting in part.

I respectfully dissent from the main opinion to the extent that it reverses the award of child support. I concur in the remainder of the opinion.

With respect to the child-support award, the main opinion reasons:

"Because the record does not contain all the required child-support forms and the record does not include a transcript of the ore tenus evidence presented regarding the parties' incomes, we are unable to discern the basis of the circuit court's child-support award. Therefore, we must reverse the circuit court's judgments as to its award of child support ...."

M.S. v. C.R., [Ms. CL-2024-0186, Dec. 13, 2024] ___ So. 3d ___, ___ (Ala. Civ. App. 2024).

In Scott v. Scott, 915 So. 2d 577, 579-80 (Ala. Civ. App. 2005), this court addressed a similar situation and explained:

"This court has held that where the record does not reflect compliance with Rule 32(E), Ala. R. Jud. Admin. (which requires the filing both of 'Child Support Obligation Income Statement/Affidavit' forms, or CS-41 forms, and a 'Child Support Guidelines' form, or a CS-42 form), and where child support is made an issue on appeal, this court will remand, or reverse and remand, for compliance with the rule. Martin v. Martin, 637 So. 2d 901, 903 (Ala. Civ. App. 1994). We have, however, affirmed a child-support award where, despite the absence of the required forms, we could discern from the testimony in the record what figures the trial court used in computing the child-support award. See, e.g., Dunn v. Dunn, 891 So. 2d 891, 896 (Ala. Civ. App. 2004); Rimpf v.

11

Campbell, 853 So. 2d 957, 959 (Ala. Civ. App. 2002); Mosley v. Mosley, 747 So. 2d 894, 898 (Ala. Civ. App. 1999); and Dismukes v. Dorsey, 686 So. 2d 298, 301 (Ala. Civ. App. 1996).

"Neither the mother nor the father ordered a transcript of the trial for inclusion in the appellate record. Without a transcript, we do not have access to the testimony presented by the witnesses at trial. The record submitted on appeal does not contain any exhibits that may have been submitted in conjunction with that testimony. The trial court stated in its judgment that it 'noted from previous records that the parties agreed that $359 per month was a fair amount of child support given the circumstances of the parties.' The 'records' to which the trial court refers have not been provided to this court as part of the record on appeal.

"Alabama law is well settled that an '"appellant has the burden of ensuring that the record contains sufficient evidence to warrant reversal."' Leeth v. Jim Walter Homes, Inc., 789 So. 2d 243, 247 (Ala. Civ. App. 2000) (quoting Newman v. State, 623 So. 2d 1171, 1172 (Ala. Civ. App. 1993)). In addition, when a trial court's judgment '"is based on evidence that is not before the appellate court, we conclusively presume that the court's judgment is supported by the evidence. Mitchell v. Mitchell, 506 So. 2d 1009 (Ala. Civ. App. 1987)."' Leeth, 789 So. 2d at 247 (quoting Newman, 623 So. 2d at 1172); see also Smith v. Smith, 596 So. 2d 1 (Ala. 1992). Based on the trial court's judgment, and in light of the omissive nature of the record before us on appeal, we presume in this case that the trial court acted correctly. Leeth, 789 So. 2d at 247; Smith, 596 So. 2d at 1."

I agree with the reasoning in <u>Scott</u>, and I would apply the same reasoning in the present case.[2]  Because it is the appellant's burden to show error on the record and because M.S., the mother, did not provide this court with a transcript to review, we must presume that the Elmore Circuit Court's judgment is correct.  Therefore, I would affirm the circuit court's judgment with respect to all issues, including child support.

---

[2]Although, as the main opinion indicates, there was a reference to an agreement in <u>Scott</u>, that agreement was not the basis of the reasoning supporting affirmance of the award of child support.  Instead, the reasoning for the affirmance was the presumption that the judgment was correct in the absence of a transcript.  915 So. 2d at 580 ("Based on the trial court's judgment, and in light of the omissive nature of the record before us on appeal, we presume in this case that the trial court acted correctly.")