BRADLEY, Judge.
This appeal is the result of an order by the Circuit Court of Jefferson County, Birmingham Division, denying appellant’s motion under Rule 60(b) of the Alabama Rules of Civil Procedure. Appellant, Malcolm M. Plummer, filed a 60(b) motion seeking relief from a judgment of divorce arising out of appellee’s, Betty Deese Plummer’s, motion for a default judgment. Rule 55, ARCP. On appeal, appellant argues that the judgment of divorce rendered by the trial court warrants reversal because the affidavit for entry of default filed by appellee failed to state that appellant was not an infant or an *593 incompetent person. Weaver v. Travel Inn, Inc., Ala., 350 So.2d 444 (1977).
The parties were married on March 5, 1977 and approximately four months later separated. Thereafter, appellee filed a petition for divorce. On December 7,1977 the lawyer who represented appellee submitted a request for the entry of a default judgment to the Jefferson County Circuit Court, Birmingham Division. Accompanying this request was the supporting affidavit of ap-pellee’s attorney which stated that appellant had been duly served with a summons and complaint in the matter and that appellant had allowed thirty days to elapse from the date of service without filing an answer to appellee’s complaint. The testimony of appellee (Betty Deese Plummer) was subsequently taken in open court and the circuit court rendered a final judgment divorcing the parties. Under the terms of this judgment appellant was ordered to pay appellee alimony in the sum of $400 as an attorney’s fee. In addition, appellant was directed to pay appellee another $3,000 as alimony in gross and upon receipt of that amount ap-pellee was to convey her interest in their jointly owned property to appellant. In the event that appellant did not pay the $3,000 within ninety days, he was to execute a deed conveying his interest in the property to his former wife (appellee).
Upon learning of the judgment of divorce rendered pursuant to appellee’s request for a default judgment, appellant made a motion to have the divorce decree set aside. This motion was denied. Later appellant sought to have the divorce judgment set, aside on the grounds that it was void. The court also denied this motion and from the court’s order denying his 60(b) motion appellant filed this appeal. We affirm the order of the circuit court.
Our supreme court recently held in Weaver v. Travel Inn, Inc., supra, that a default judgment which is deficient on its face is a nullity. In Weaver v. Travel Inn, Inc. the default judgment in question was deficient for a number of reasons including the fact that the affidavit for the judgment of default did not state that the party against whom default was sought was not an infant or incompetent person. Since the affidavit filed by appellee’s attorney in this case contained no statement that appellant was not an infant or incompetent person, appellant maintains that the holding in Weaver v. Travel Inn, Inc. renders the circuit court’s order granting a divorce on the basis of a default judgment a nullity. However, we cannot agree.
There is an important distinction between the facts upon which the supreme court’s decision in Weaver v. Travel Inn, Inc. was premised and the facts in the instant case. In Weaver v. Travel Inn, Inc. plaintiff sought to have the clerk of the court enter a default judgment against defendant. No testimony or evidence was heard by the circuit court. On the other hand, in the present case appellee requested that the circuit court enter a judgment for default in her favor. The court then held a hearing at which appellee testified and based on that testimony granted appellee a divorce from appellant. Thus, we believe that the court’s action was proper and that' it was not at variance with the supreme court’s ruling in Weaver v. Travel Inn, Inc.
Rule 55(e) of the Alabama Rules of Civil Procedure requires proof of a claim in default cases against infants, incompetents or parties to a divorce suit. Rule 55(e) states:
No judgment by default shall be entered against infants, incompetents, or parties to a suit for divorce or annulment of marriage unless the claimant establishes his claim or right to relief by evidence.
In the present case appellee’s testimony before the circuit court is not contained in the record on appeal. It is a well established proposition that evidence heard orally by the trial court is conclusively presumed to support the findings and decree of the trial court in all instances where such evidence does not appear in the record on appeal. E. g., English v. English, Ala.Civ.App., 352 So.2d 454 (1977); Cordell v. Poteete, 57 Ala.App. 645, 331 So.2d 400 (1976); Berggren v. Berggren, 52 Ala.App. 118, 290 So.2d 178 (1973), cert. den. 292 Ala. 713, 290 So.2d 180 (1974). Moreover, since a judg *594 ment of default cannot be entered against an infant or against an incompetent person unless such person is represented, we must also presume that from the testimony given by appellee, the circuit judge determined that appellant was neither an infant nor an incompetent person. For these reasons we cannot agree with appellant’s contention that the judgment of divorce entered by the circuit court in this matter was void.
In view of the state of the record on appeal, we find nothing which would warrant a reversal of the circuit court’s order denying the motion of appellant for relief from a final judgment under Rule 60(b). Therefore, we affirm the order of the circuit court denying such relief.
AFFIRMED.
WRIGHT, P. J., and HOLMES, J., concur.