The parties in this case were divorced in 1974, and the mother was awarded custody of the parties' minor child. The father was ordered to pay $50 per week child support. *Page 3 
On January 17, 1991 a judgment was entered against the father for nonpayment of child support in the amount of $24,000, together with court costs and interest. The mother filed a motion for income withholding in order to collect the arrearage. The mother then sought to garnish the workmen's compensation benefits being paid to the father by G.A.B. Insurance.
On March 13, 1991 the trial court entered an order denying the mother's motion for income withholding and granting the father's oral motion to quash process of garnishment. The trial court found that the father's workmen's compensation benefits were not subject to a withholding order or garnishment action. The mother appeals.
The dispositive issue before us is one of first impression in this state and can be summed up as follows: Are workmen's compensation benefits exempt from income withholding orders and/or garnishment in satisfaction of child support arrearage?
Section 25-5-86 of the Alabama Workmen's Compensation Act contains the following provision:
 "(b) Claims for compensation . . . owned by the injured employee or his dependents shall not be assignable and shall be exempt from . . . garnishment for the payment of any debt or liability. There shall be no right to waive this exemption."
Based on this statute, the trial court apparently found that child support is a "debt or liability" from which the father's workmen's compensation benefits are exempt.
It is well settled that a child support obligation is not a "debt" in the ordinary sense of that word. A parent is bound by the laws of this state, and by basic morality, to support his minor children. Hamilton v. Hamilton, 428 So.2d 65
(Ala.Civ.App. 1983). The child's right to this support is fundamental and continues at least until the age of majority. Williams v.State, 504 So.2d 282 (Ala.Civ.App. 1986). Support obligations are not dischargeable in bankruptcy, Pressnell v. Pressnell,519 So.2d 536 (Ala.Civ.App. 1987), and a former spouse seeking to recover support is not a creditor. Mims v. Mims,442 So.2d 102 (Ala.Civ.App. 1983). Child support obligations may be satisfied by Veteran's Administration benefits, Lott v. Lott,440 So.2d 1090 (Ala.Civ.App. 1983), as well as by Social Security insurance benefits, Frazier v. Frazier, 455 So.2d 883
(Ala.Civ.App. 1984), although both of these types of benefits are exempt from the claims of creditors. Moreover, Rule 32 of the Alabama Rules of Judicial Administration specifically includes workmen's compensation benefits as "income" which may be factored into an award of child support. Rule 32(B)(2)(i), A.R.J.A.
In Frazier this court found that Social Security benefits could apply to satisfy child support obligations, because "one of the obvious purposes of Social Security benefits is to partially replace income which is lost . . . because of age or disability." Likewise, a primary purpose of workmen's compensation insurance is to financially aid the employee and
his dependents for earnings lost by the employee's injury.Yarchak v. Munford, Inc., 570 So.2d 648 (Ala. 1990). It is evident that the Act anticipates that the benefits will be used by the employee at least partially for the support of his dependents, just as he would have used his salary for that purpose. Indeed, where the parent/employee dies in the course of employment, the Act provides a right of action whereby his dependent children may recover his workmen's compensation benefits, to replace the support they would have received from him if he had lived. Yarchak, citing United States Steel Corp.v. Baker, 266 Ala. 538, 97 So.2d 899 (1957). The legislature thus intended that workmen's compensation benefits would provide for the support of the employee's dependents and thereby prevent them from becoming wards of the state.
We find ample support for our rationale in the workmen's compensation laws of other states. In Meadows v. Meadows,619 P.2d 598 (Okla. 1984), the Supreme Court of Oklahoma held that workmen's compensation benefits are not exempt from garnishment to satisfy child support obligations. As stated by the Oklahoma court, "the *Page 4 
principal reason for these exemptions is to protect the dependents of the party claiming the exemption. The exemption statute should not be a device to relieve the workman from his obligation to support his wife and family." Other state courts have followed a similar rationale and found no exemption for workmen's compensation benefits. See American Mutual LiabilityInsurance Co. v. Hicks, 159 Ga. App. 214, 283 S.E.2d 18 (1981);Kishida v. Kishida, 6 Haw. App. 217, 716 P.2d 501 (1986); In reSchonts, 345 N.W.2d 145 (Iowa Ct. App. 1983).
We believe that an employee's children are not "creditors" of the father nor can their rightful claim to support be deemed a "debt." We therefore find that § 25-5-86 does not exempt workmen's compensation from garnishment for the satisfaction of the father's child support obligation. This aspect of the trial court's judgment is reversed. A discussion of the other aspect of the trial court's judgment, i.e. the income withholding issue, is pretermitted due to our reversal on the garnishment issue.
The judgment of the trial court is reversed and the cause is remanded for further proceedings.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED.
THIGPEN and RUSSELL, JJ., concur.
ROBERTSON, P.J., dissents.