Modified Dissent issued upon overruling of Application for Rehearing

ROBERTSON, Presiding Judge, dissenting.
I dissented in McCall v. McCall, 596 So.2d 2 (Ala.Civ.App.1991). Our supreme court affirmed McCall, which was based on a holding that § 25-5-86 does not exempt workmen’s compensation benefits from attachment for satisfaction of a father’s child support obligation. Ex parte McCall, 596 So.2d 4 (Ala.1992). Our supreme court stated that “[t]he Workmen’s Compensation Act anticipates that the benefits will be used by the employee at least partially for the support of his dependents, just as he would have used his salary for that purpose.” Id. at 5. Our supreme court held that “the claim for [child] support is not based upon a ‘debt’ but upon a moral obligation.” Id. at 6.
Our supreme court further stated that “[o]bviously, the purpose of the exemption portion of the Act is to prevent creditors from seizing or garnishing benefits owned by an injured employee or his dependents.” 596 So.2d at 6. In this case, the trial judge has seized the workmen’s compensation benefits owned by an injured employee, which, arguably, would be used to support his dependents, to pay a criminal fine imposed by the same trial judge. Using our supreme court’s reasoning in Ex parte McCall, I would hold that the seizure of the employee’s benefits in this case amounts to the attachment and forfeiture of child support for the satisfaction of the employee’s liability for a criminal fine. This, in my opinion, was something the legislature intended to prevent by enacting § 25-5-86.
I believe that a criminal fine, if not a debt, would certainly be a liability within the meaning of § 25-5-86, Ala.Code 1975. Therefore, I must respectfully dissent.