The trial court divorced the parties in July 1995 on the grounds of adultery by the husband, awarding the wife the marital home and custody of the parties' three minor children, dividing certain debts of the parties, and ordering the husband to pay child support. The husband appeals, contending, among other things, that, in light of the evidence submitted at trial, the court erred in basing the divorce upon the grounds of adultery.
The wife sued the husband for separate maintenance and custody of the parties' children, alleging that the husband had committed adultery. The husband answered with a general denial and also moved to strike that portion of the wife's complaint alleging adultery; this motion was never ruled upon. The wife amended her complaint to ask the trial *Page 366 
court to divorce the parties on the grounds of an irretrievable breakdown of the marriage and irreconcilable differences between the parties.
The wife testified about the husband's adulterous relationship, stating that she had observed her husband kissing another woman and that he had admitted to her that he had committed adultery. The wife also stated that the husband had told her that be was in love with this other woman and that he was uncertain whether be would end the relationship. The wife's testimony was not contradicted or refuted at trial by the husband, although the husband's attorney referred to the affair during the cross-examination of the wife. The husband also testified and was cross-examined by the wife's attorney; however, he was not questioned concerning the charge of adultery.
The trial judge stated at the end of the ore tenus proceedings that she was going to enter a divorce based on the grounds of incompatibility of temperament; however, her judgment based the divorce on the grounds of the husband's adultery. The husband appeals, alleging, among other things, that there was insufficient proof of adultery to support the judgment.
The act of adultery may be proven by circumstantial evidence, but more than a mere suspicion must be created. In addition, the circumstances created must be " 'such as would lead the guarded discretion of a reasonable and just man to conclude that the act of adultery has been committed.' " Rowe v. Rowe,575 So.2d 584, 587 (Ala.Civ.App. 1991) (citation omitted). The testimony of one spouse as to the other spouse's confession of adultery is, alone, insufficient to warrant a divorce on the grounds of adultery, and that testimony is admissible only in corroboration of other evidence tending to establish the offense. Percey v. Percey, 617 So.2d 682 (Ala.Civ.App. 1992). Here, no other evidence of the husband's adultery was submitted to the trial court.
We therefore conclude that the trial court erred in basing the divorce on the grounds of adultery; however, there was sufficient evidence to support the wife's claim of an irretrievable breakdown of the marriage and of irreconcilable differences between the parties. Therefore, the trial court is instructed to modify its judgment so as to base the divorce upon the grounds of incompatibility.
Our review of the divorce judgment does not indicate to us that in dividing the parties' property the trial court acted solely upon the fault theory of adultery; the record contains ample evidence of other misconduct by the husband, and we note that a trial court may properly consider fault when making a division of property, even when a divorce is based on the grounds of incompatibility. Lutz v. Lutz, 485 So.2d 1174
(Ala.Civ.App. 1986). Nevertheless, we instruct the trial court to review its property division in light of this opinion.
Because of our holding, we pretermit discussion of the other issues raised by the husband.
REVERSED AND REMANDED WITH INSTRUCTIONS.
CRAWLEY, J., concurs.
ROBERTSON, P.J., concurs in the result only.