BRYAN, Judge.
Christopher Lee Tucker (“the husband”) appeals from a judgment of the Morgan Circuit Court (“the trial court”) that divorced him from Amy Michelle Tucker (“the wife”).

Procedural History

The husband and the wife were .married in 1995 and they separated in August 2007. Two children were born of the parties’ marriage, both boys, born in January 2004 and July 2005 (referred to collectively as “the children”). On December 8, 2007, the wife filed a complaint for a divorce against the husband. The wife sought certain pendente lite relief as well as permanent relief such as custody of the children, child support, an equitable division of the parties’ marital property and debt, periodic alimony, and an award of attorney fees. On December 12, 2007, before he was served with the wife’s complaint, the husband filed a complaint for a divorce against the wife. The husband sought, among other things, custody of the children, child support, and an equitable division of the parties’ marital property and debt, as well as certain pendente lite relief. The trial court subsequently consolidated the parties’ complaints for a divorce and deemed the husband’s complaint a counter-complaint. The husband later answered the wife’s complaint.
On February 26, 2008, the trial court conducted a hearing on the parties’ pending motions for pendente lite relief. On March 7, 2008, the trial court entered an amended pendente lite order[1] that, among other things: awarded the wife temporary exclusive possession of the marital residence; awarded the wife temporary sole legal and physical[2] custody of the children; awarded the husband certain visitation rights, “pending a final hearing”; ordered the husband to pay $862 a month in child *894 support; and ordered the parties to each pay one-half of fixed monthly, semi-annual, or annual expenses, unless they could agree otherwise.
Also on March 7, 2008, the wife filed a motion to propound more than 40 interrogatories on the husband and served the husband with discovery in the form of interrogatories and requests for production of documents. The wife’s motion to propound more than 40 interrogatories was never specifically granted by the trial court. On or about June 12, 2008, the wife filed a motion to compel the husband to respond to her discovery requests. On June 17, 2008, the trial court ordered the husband to respond to the wife’s discovery requests within 15 days. On or about July 3, 2008, the husband filed his response to the wife’s interrogatories. On August 26, 2008, the parties reached a temporary agreement on all pending motions; however, the trial court’s pendente lite order incorporating that argument did not address any discovery issues.
The wife served a second set of interrogatories and a second set of requests for production of documents on the husband on or about September 26, 2008. On November 12, 2008, the wife filed a motion to compel a response to her interrogatories and requests for production of documents and a motion for sanctions. The wife alleged that the husband, in response to her first set of requested discovery, had provided no answers or responses, or he had provided incomplete answers or responses. The wife alleged that the husband had not responded to her second set of discovery requests. The wife requested that the trial court enter sanctions against the husband in accordance with Rule 37, Ala. R. Civ. P.[3]
On November 13, 2008, the trial court entered an order that granted the wife’s motion to compel, and it ordered the husband to respond to the wife’s discovery requests within 15 days of the entry of the trial court’s order. In that order, the trial court warned that failure to comply with the order could result in sanctions against the husband.
On December 3, 2008, the wife filed a second motion for sanctions. She alleged that the husband had failed to comply with the trial court’s November 13, 2008, order compelling the husband to answer the wife’s discovery requests. On December 8, 2008, the trial court entered an order that “conditionally granted” the wife’s motion for sanctions against the husband. The trial court stated: “Default judgment shall be entered against the [husband] for all relief requested by the [wife], and the [husband]’s counterclaim will be dismissed on December 22, 2008, unless the [husband] complies with this court’s prior order before December 22, 2008.”
On December 12, 2008, the husband filed a motion to deny and revoke sanctions. He alleged that his attorney (who had filed an appearance on December 12, 2008, as the husband’s third attorney in the divorce proceeding) could not complete the wife’s discovery requests in the time allotted by the trial court. The husband sought a continuance of the final hearing and an extension of the time allotted for him to respond to the wife’s discovery requests. On December 19, 2008, the husband filed a motion to provide discovery and avoid *895 sanctions. In that motion, the husband alleged that the records sought by the wife were voluminous and would place an undue burden on the husband. The husband, “in an attempt to make a good faith effort to resolve this matter,” proposed “to allow the [wife] to visit his place of business and inspect the records.” The husband further proposed that the wife could take “any summary financial data” but that specific records could not be taken. On January 6, 2009, the trial court granted the husband’s request for a continuance, and it set the final hearing for April 6, 2009. On January 8, 2009, the trial court denied the husband’s pending motions as moot.
On January 16, 2009, the wife filed an application for entry of default, a supporting affidavit signed by the wife’s attorney, and testimony of the wife in the form of a signed affidavit. The wife requested that the trial court enter default against the husband for his failure to provide discovery responses and for his failure to comply with the trial court’s orders. In the supporting affidavit, the wife’s attorney stated that the husband had failed to comply with the trial court’s December 8, 2008, order that required the husband to respond to the wife’s discovery requests by December 22, 2008. The "wife, in her supporting affidavit, stated that she and the husband were over the age of 19, that they were residents of Morgan County, that she had resided in Morgan County for more than six months immediately preceding the filing of her complaint for a divorce, that she and the husband were married on June 10, 1995, that they had separated on August 20, 2007, that two children had been born of the marriage, that she was not pregnant, that the husband had committed acts of adultery, that she and the husband were incompatible, and that there was no possibility of reconciliation between the parties.
The next entry in the case-action summary is the entry of a “final decree of divorce” by the trial court on January 27, 2009.[4] The judgment stated that the cause had been submitted on the wife’s complaint for a divorce, the husband’s answer and counter-complaint for a divorce, the wife’s motion to compel and motion for sanctions, the wife’s second motion for sanctions, and the trial court’s orders dated November 13 and December 13, 2008.[5] In its judgment, the trial court held that the wife was “entitled to the relief prayed for in said Complaint and subsequent motions for sanctions.”[6] The trial court dismissed the husband’s counterclaim for a divorce and divorced the parties on the ground of adultery, awarded sole legal and physical custody of the children to the wife, ordered the husband to pay child support for the children in the amount of $1,669.84 a month, and ordered a specific division of the parties’ marital property and debts.
On February 13, 2009, the husband filed a motion to set aside the divorce judgment, to grant a final hearing, and to hold the wife in contempt. The husband argued, *896 among other things, that he had filed answers to the wife’s interrogatories, that he had offered “to set up a table in the back of his store to allow the documents to be reviewed,” and that the “testimony” of the wife was “devoid of merit.” The husband requested relief in the form- of a final hearing.
The trial court held a hearing on the husband’s motion to set aside the divorce judgment on April 28, 2009. On May 11, 2009, the trial court entered an order denying the husband’s motion to set aside the divorce judgment. In its order, the trial court stated that “counsel for the [husband] admitted that the [husband] was in default” and that the wife’s counsel had argued that “the law supported the [trial] court’s entry of default against the [husband] for all relief requested by the [wife] and dismissal of the [husband]’s counterclaim.” The trial court found that the husband never had filed an objection to the wife’s discovery requests and that the husband had failed to comply with the trial court’s November 13, 2008, order by December 22, 2008. The husband timely filed a notice of appeal to this court.

Issues

On appeal the husband raises several issues for review by this court. First, the husband argues that there was no evidence to support the divorce judgment. Specifically, he challenges the finding of adultery, asserting that there was no evidence to support that finding, and he challenges the trial court’s order regarding child support because, he asserts, there was no evidence to support the trial court’s determination of his monthly gross income. The husband also argues that the divorce judgment violated Rule 55(e), Ala. R. Civ. P., and Rule 43(a), Ala. R. Civ. P. Finally, the husband challenges the trial court’s determination that he failed to comply with the court’s orders regarding the wife’s discovery requests.

Discussion

A. The Husband’s Noncompliance with Discovery Orders
We will address the last issue raised by the husband first. The husband argues that he was in substantial compliance with the trial court’s orders compelling his response to the wife’s discovery requests, including her interrogatories and her requests for production of documents, and that there was insufficient evidence to support the trial court’s judgment regarding his compliance with the court’s discovery orders.
“ ‘It is well settled that the decision whether to enter a Rule 41(b)[, Ala. R. Civ. P.,[7]] dismissal is within the sound discretion of the trial court, and such a dismissal will be reversed only if the trial court exceeded its discretion. Atkins v. Shirley, 561 So.2d 1075, 1077 (Ala.1990); Riddlesprigger v. Ervin, 519 So.2d 486, 487 (Ala.1987); State ex reí S.M. v. A.H., 832 So.2d 79, 80 (Ala.Civ.App.2002); and Coulter v. Stewart, 726 So.2d 726, 728 (Ala.Civ.App.1999). However, because dismissal with prejudice is a drastic sanction, it should be applied only in extreme situations. Smith v. Wilcox County Bd. of Educ., 365 So.2d 659, 661 (Ala.1978). Therefore, this court will carefully scrutinize orders dismissing an action with prejudice and occasionally will find it necessary to set them aside. Id. In reviewing the trial court’s dismissal of an action, we must determine whether the ruling is supported by the evidence contained in the record. Nash v. Cosby, 597 So.2d 209, 210 (Ala.1992); Atkins v. *897 Shirley, 561 So.2d at 1077; and Riddlesprigger v. Ervin, 519 So.2d at 487.’
“Blake v. Stinson, 5 So.3d 615, 617-18 (Ala.Civ.App.2008). Moreover, ‘ “[t]he decision concerning the appropriate sanction for failure to comply with a pretrial order ... is within the trial court’s discretion, ‘and we review such decisions to determine whether the trial court exceeded its discretion.’ ” ’ Cobb v. Fisher, 20 So.3d 1253, 1257 (Ala.2009) (quoting Vesta Fire Ins. Corp. v. Milam & Co. Constr., Inc., 901 So.2d 84, 105 (Ala.2004)).”
Smith v. Davidson, 58 So.3d 177, 180-81 (Ala.Civ.App.2010).
Rule 37(b)(2)(C), Ala. R. Civ. P., allows a trial court to enter sanctions, including dismissal of an action and entry of a default judgment, against a party who “fails to obey an order to provide or permit discovery.” We note that the husband has not specifically challenged the trial court’s decision to impose the sanction of dismissing his counterclaim for a divorce. The husband only challenges whether there was sufficient evidence to support the trial court’s determination that he failed to comply with its orders compelling him to respond to the wife’s discovery requests. Therefore, this opinion will not address the propriety of the trial court’s decision to dismiss the husband’s counterclaim for a divorce. See Tucker v. Cullman-Jefferson Counties Gas Dist., 864 So.2d 317, 319 (Ala.2003) (quoting Asam v. Devereaux, 686 So .2d 1222, 1224 (Ala.Civ.App.1996)) (holding that “ ‘[w]hen an appellant fails to properly argue an issue, that issue is waived and will not be considered’ ”).
The husband was ordered to respond to the wife’s requests for production of documents and to the wife’s interrogatories. As the wife points out in her brief on appeal, at the hearing to set aside the default judgment of divorce, the husband’s attorney admitted that the husband had failed to comply with the court’s orders regarding the wife’s requested discovery. In his reply brief to this court, the husband responds by stating that “[t]he fact that there had been failures to respond to discovery, more particularly productions requests, cannot be denied.” The husband argues, however, that he was in compliance ■with the trial court’s orders to respond to the wife’s requests for production of documents because he “offered to produce all the documents sought to be produced.”
The husband does not allege that he actually produced the requested documents to the wife, and he cites no authority to support his argument that his obligation to respond to the wife’s requests for production of documents was satisfied solely by his proposal to open his business so that the wife could attempt to locate the specific documents that she had requested as much as 10 months earlier. See Rule 28(a)(10), Ala. R.App. P. (requiring an appellant’s argument on appeal to be supported “with citations to the cases, statutes, other authorities, and parts of the record relied on”). “ ‘[Wjhere an appellant fails to cite any authority for an argument, [an appellate court] may affirm the judgment as to those issues, for it is neither [an appellate eourt]’s duty nor its function to perform all the legal research for an appellant.’ Rule 28(a)[ (10) ], Ala. R.App. P.” Kult v. Kelly, 987 So.2d 551, 561 (Ala.2007) (quoting Sea Calm Shipping Co., S.A. v. Cooks, 565 So.2d 212, 216 (Ala.1990)).
Furthermore, the record on appeal does not contain a record of which particular documents that the wife requested from the husband, and we have no way of knowing whether all the documents sought by the wife were of the type that would be kept at the husband’s place of business. It is well established that “[i]t is the duty of *898 the ... appellant[ ] to demonstrate an error on the part of the trial court; this court will not presume such error on the part of the trial court.” G.E.A. v. D.B.A., 920 So.2d 1110, 1114 (Ala.Civ.App.2005) (citing Marvin’s, Inc. v. Robertson, 608 So.2d 391, 393 (Ala.1992)). The husband has not demonstrated that the trial court erred in finding that he had not complied with its orders compelling him to respond to the wife’s requests for production of documents.
“‘Discovery matters are within the trial court’s sound discretion, and [an appellate court] will not reverse a trial court’s ruling on a discovery issue unless the trial court has clearly exceeded its discretion.’” Ex parte Guaranty Pest Control, Inc., 21 So.3d 1222, 1225 (Ala. 2009) (quoting Ex parte Ocwen Federal Bank, FSB, 872 So.2d 810, 813 (Ala.2003)). We cannot conclude that the husband affirmatively demonstrated that the trial court clearly exceeded its discretion when it determined that the husband failed to comply with the trial court’s orders compelling him to respond to the wife’s requests for discovery. The trial court was within its discretion to conclude that the husband’s proposal to allow the wife to come to his business and locate the specific documents she had requested was not an adequate response to the wife’s requests for production of documents. Based on its conclusion that the husband had not complied with the wife’s requests for production of documents by the December 22, 2008, deadline set by the trial court, the trial court was within its discretion to invoke sanctions against the husband pursuant to Rule 37(b), Ala. R. Civ. P.[8]
B. The Divorce Judgment is UnsuppoHed by the Evidence
The husband also argues that the divorce judgment, which was entered in response to the wife’s application for entry of default, was not supported by any evidence. We agree.
The wife filed an application for entry of default and, in support of that application, introduced evidence establishing the jurisdictional facts necessary to support a divorce judgment. However, the wife did not introduce any evidence to establish facts that would support the specific division of property, the award of child support, the custody determination, or any other specific relief that the wife was awarded in the divorce judgment. Therefore, we must reverse the default judgment insofar as it awards specific relief to the wife. See Rule 55(e), Ala. R. Civ. P.
Also, the wife introduced only her conclusory assertion that the husband had committed adultery, and she did not introduce any specific facts supporting that conclusion or any corroborating evidence to support a finding of adultery. In Yates v. *899 Yates, 676 So.2d 365, 366 (Ala.Civ.App.1996), this court held:
“The act of adultery may be proven by circumstantial evidence, but more than a mere suspicion must be created. In addition, the circumstances created must be ‘ “such as would lead the guarded discretion of a reasonable and just man to conclude that the act of adultery has been committed.” ’ Rowe v. Rowe, 575 So.2d 584, 587 (Ala.Civ.App.1991) (citation omitted). The testimony of one spouse as to the other spouse’s confession of adultery is, alone, insufficient to warrant a divorce on the grounds of adultery, and that testimony is admissible only in corroboration of other evidence tending to establish the offense. Percey v. Percey, 617 So.2d 682 (Ala.Civ. App.1992).”
Because the wife did not introduce any evidence to corroborate her conclusory allegation of adultery, we must reverse the default judgment insofar as it granted the divorce on the ground of adultery.[9]
However, because the wife introduced evidence establishing the jurisdictional facts necessary to support a divorce, we affirm the default judgment insofar as it dissolved the bonds of matrimony. We remand this case for further proceedings.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
PITTMAN, THOMAS, and MOORE, JJ., concur.
THOMPSON, P.J., concurs in the result, without writing.

. The trial court had entered a "standing” pendente lite order on December 27, 2007, that did not address the specific pendente lite relief requested by the parties.

. The trial court entered a second amended pendente lite order on March 7, 2008, that awarded the wife sole physical custody in addition to sole legal custody.

. With her motion for sanctions, the wife submitted a letter dated September 26, 2008, that was addressed to the husband's attorney that stated that approximately 9 interrogatories from her first set of interrogatories were not adequately answered and that 21 of her initial requests for production of documents were either unanswered or inadequately answered. The wife also submitted a letter dated October 28, 2008, addressed to the husband's attorney that requested a response to her second set of discovery requests within 7 days.

. The divorce judgment was not entered in the State Judicial Information System until January 30, 2009.

.Although the trial court did not specifically declare the divorce judgment to be a "default judgment,” we interpret this statement made by the trial court as confirmation that the trial court intended to enter a judgment by default against the husband as a sanction for his failure to comply with discovery orders, as stated in the trial court’s December 8, 2008, order.

. We note that Rule 41(c), Ala. R. Civ. P., states that the provisions of Rule 41, Ala. R. Civ. P., apply to the dismissal of a counterclaim.

. Because we conclude that the trial court did not clearly exceed its discretion in determining that the husband had failed to comply with its orders requiring him to respond to the wife’s requests for production of documents and, pursuant to that finding, that the trial court had authority to invoke sanctions against the husband pursuant to Rule 37, we make no determination regarding whether the husband complied with the trial court's orders compelling him to respond to the wife's interrogatories.
We note that “[t]he choice of discovery sanctions is within the trial court’s discretion and will not be disturbed on appeal absent gross abuse of discretion, and then only upon a showing that such abuse of discretion resulted in substantial harm to appellant.” Iverson v. Xpert Tune, Inc., 553 So.2d 82, 87 (Ala.1989) (citations omitted). As stated above, the husband has not specifically challenged the trial court's dismissal of his counterclaim for a divorce. Therefore, we will not address that issue.

. The wife argues that the husband admitted to committing adultery; however, the husband admitted only that he began a "relationship” with a woman "long after the parties separated” without specifying whether the relationship was sexual.