THOMAS, Judge.
Xiangming Zha (“the husband”) appeals from a judgment of the Mobile Circuit Court (“the trial court”) divorcing him from Ningyong Xu (“the wife”) and dividing the parties’ marital property.
The parties were married in China on May 17, 2002. The wife filed a complaint for a divorce in the trial court on June 20, 2011.[1] The husband filed an answer to the complaint on July 19, 2011. The trial court conducted a hearing on October 27, 2011, at which it heard evidence ore tenus. The trial court entered a judgment on November 4, 2011, divorcing the parties, awarding custody of the parties’ minor child to the wife and visitation to the husband, and dividing the parties’ marital property. The divorce judgment ordered the husband to pay the -wife $834 per month in child support, $230 per month toward private-school tuition, and $750 per month for three years in rehabilitative alimony. The judgment also provided that,
“[w]ith respect to the financial accounts, the wife shall be awarded all accounts in her name and the husband shall be awarded all accounts that are in his name. However, the wife is awarded a judgment against the husband representing an additional property settlement, in the amount of $18,500.00. The husband shall make arrangements to pay same judgment to the wife within 6 weeks from the date of this order.”
The husband filed a motion to alter, amend, or vacate the judgment on November 16, 2011. On November 30, 2011, the wife filed a motion to alter, amend, or vacate the judgment. After a hearing on January 18, 2012, the trial court entered an order on January 19, 2012, granting the wife’s postjudgment motion insofar as it pertained to visitation and granting the husband’s postjudgment motion insofar as it pertained to private-school tuition; the trial court denied all other requests for relief. The husband filed a timely appeal with this court on February 2, 2012.
The only issue the husband asserts in his brief concerns the $18,500 additional property settlement, which we will refer to as an award of alimony in gross. The husband does not dispute the amount of the award. Rather, he argues that the trial court erred by awarding the wife a portion of his retirement accounts because the parties had been married less than 10 years at the time the complaint for a divorce was filed.
“ ‘The trial court in this case applied the law to undisputed, stipulated facts. Our review therefore is de novo.
“ ‘ “ ‘When reviewing a case in which the trial court sat without a jury and heard evidence in the form of stipulations, briefs, and the writings of the *1056 parties, this Court sits in judgment of the evidence; there is no presumption of correctness. Old Southern Life Ins. Co. v. Williams, 544 So.2d 941, 942 (Ala.1989); Craig Constr. Co. v. Hendrix, 568 So.2d 752, 756 (Ala.1990). When [an appellate court] must determine if the trial court misapplied the law to the undisputed facts, the standard of review is de novo, and no presumption of correctness is given the decision of the trial court. State Dep’t of Revenue v. Garner, 812 So.2d 380, 382 (Ala.Civ.App.2001); see also Ex parte Graham, 702 So.2d 1215 (Ala.1997)
Adams v. Adams, 107 So.3d 194, 197 (Ala.Civ.App.2012) (quoting Town of Westover v. Bynum, 68 So.3d 840, 842 (Ala.Civ.App.2011), quoting in turn American Res. Ins. Co. v. H & H Stephens Constr. Inc., 939 So.2d 868, 872-73 (Ala.2006), quoting in turn Bean Dredging, L.L.C. v. Alabama Dep’t of Revenue, 855 So.2d 513, 516-17 (Ala.2003)). It was undisputed that the parties had not been married for 10 years and that the parties had agreed upon the information provided to the trial court regarding their respective financial accounts. That information indicated that the husband had four retirement accounts that totaled $123,716.67 and three non-retirement accounts worth $6,014.85.
The husband is correct that § 30-2-51(b)(1), Ala.Code 1975, precluded the trial judge from awarding the wife an interest in the husband’s retirement benefits. Section 30-2-51(b)(l) provides:
“(b) The judge, at his or her discretion, may include in the estate of either spouse the present value of any future or current retirement benefits, that a spouse may have a vested interest in or may be receiving on the date the action for divorce is filed, provided that the following conditions are met:
“(1) The parties have been married for a period of 10 years during which the retirement was being accumulated.”
In the divorce judgment, the trial court did not specifically award the wife any interest in the husband’s retirement accounts. However, alimony in gross is a form of property settlement and must be “ ‘payable out of the present estate of the paying spouse as it exists at the time of the divorce.’ ” Redden v. Redden, 44 So.3d 508, 513 (Ala.Civ.App.2009) (quoting TenEyck v. TenEyck, 885 So.2d 146, 151-52 (Ala.Civ.App.2003)). The husband points out that he does not have the assets, other than his retirement accounts, with which to pay the $18,500 alimony-in-gross award.
During the trial, the trial judge commented:
“The parties also have several accounts which are set out in Court Exhibit Number 5, that are today’s balances on these accounts. Some of these accounts are IRA accounts and since the parties have not been married for ten years, the Court might award a judgment rather than a division of the accounts itself. And so I am going to decide what will be fair in light of the totality of those accounts and the circumstances that I’ll hear today.”
(Emphasis added.) The trial judge also stated the following:
“Now, I can consider the value of a retirement even though I might not be able to assign a portion of a retirement, but I can consider it in my otherwise break down.”
Based upon those comments, it appears that the trial judge may have considered the husband’s retirement accounts in the final distribution of property. Because the parties were not married for the statutorily required 10 years, the wife was not *1057 entitled to any portion of the husband’s retirement accounts as part of the property division. Hatley v. Hatley, 51 So.3d 1031, 1037 (Ala.Civ.App.2010). We note that the trial court’s judgment does not state that the alimony-in-gross award is based upon the husband’s retirement accounts. However, in light of the trial judge’s comments regarding the retirement accounts, we must reverse the award of alimony in gross to the wife.
We review the award of alimony and the division of marital property together to determine whether the trial court exceeded its discretion. See Hatley, 51 So.3d at 1034. Because we determine that the trial court erred insofar as it considered the husband’s retirement accounts in its division of property, we must reverse the trial court’s judgment as to both the property division and the alimony award. Id. Upon remand, the trial court may adjust those awards so as to institute an equitable property division between the parties.
REVERSED AND REMANDED WITH INSTRUCTIONS.
PITTMAN, J., concurs.
THOMPSON, P.J., and BRYAN and MOORE, JJ., concur in the result, without writings.

. The record indicates that the parties moved to Mobile County in July 2009.