DONALDSON, Judge.
Sara Johnson (“the wife”) appeals the Madison Circuit Court’s judgment entered on December 17, 2013, divorcing her from Travis Johnson (“the husband”) and addressing child-custody and child-support issues. Because the record does not contain a sufficient evidentiary basis to support the judgment, the judgment is reversed and the cause is remanded.
The parties were married on February 22, 2009. The husband, through counsel, filed a complaint for a divorce on April 10, 2013. The wife, representing herself, filed her answer and a counterclaim for a divorce on May 14, 2013. The husband answered the wife’s counterclaim on May 22, 2013. Both parties sought sole custody of the minor child born of the marriage.
The husband thereafter served various discovery requests on the wife, and he filed a motion to compel responses to those requests on September 19, 2013. The trial court entered an order granting the husband’s motion to compel on September 20, 2013. On October 9, 2013, the husband filed a motion for sanctions against the wife for her continued failure to respond to the discovery requests and for her failure to comply with the trial court’s order compelling her to respond. Specifically, the husband requested that the trial court again order the wife to respond and to pay the fees associated with her failure to respond; to hold the wife in contempt; to dismiss the wife’s counterclaim “or in the alternative” grant the husband’s complaint; and to order any other relief available. The trial court entered the following order: “The [husband] has filed a motion requesting that the [wife] be held in contempt of this Court. This matter is therefore set for hearing at 9:30 a.m. November, 2013 at which time the [wife] shall appear and show cause why she should not be punished for contempt.” No date for the hearing was specified in the order.
Based on materials in the record, a hearing on the husband’s motion was apparently held on November 1, 2013. Following that hearing, at which the wife apparently appeared, the wife submitted a one-page, handwritten notice of discovery indicating that she had produced a W2 form and pay stubs from her employer, “Publix,” a bank statement from “Red-stone,” and a lease agreement. The wife’s notice of discovery also indicated that she had responded to certain questions submitted by the husband by stating “N/A” and that she had responded to another question by stating, in part: “I have not [decided] on evidence yet.”
On December 5, 2013, the husband filed a renewed motion for sanctions, pursuant to Rule 37, Ala. R. Civ. P., again asserting that the wife had failed to comply with previously entered orders of the court. As the only ground for relief, the motion stated that the husband “renews his Motion for Sanctions and he requests the court dismiss the [wife’s] counterclaim and grant the divorce he [has] filed.”
*63 The next entry in the record is a “Final Decree of Divorce” entered by the trial court on December 17, 2013, stating that, “on consideration of the pleadings and hearing held for sanctions, the [wife’s] Counterclaim is dismissed and as sanctions the Court enters the following....” The judgment divorced the parties on the ground of incompatibility of temperament. The judgment granted the sole care, custody, and control of the child to the husband and ordered that the wife would have certain specified visitation with the child. The judgment also ordered the wife to pay $246 per month in child support.
On January 15, 2014, the wife, through counsel, filed a motion for a “rehearing,” requesting that the trial court “withdraw the final decree of divorce which gives the [husband] sole care custody and control of the minor child and reset this case for a hearing wherefore [the wife’s counsel] can be present and see if there is anything he may be able to do to help the [wife].” The wife argued no other ground to set aside the judgment and cited no authority for her request. The trial court denied the motion on the same date, January 15, 2014. The wife filed her timely notice of appeal with this court on January 21, 2014.
The trial court’s judgment specifically stated that it was being entered as a sanction against the wife: “The above-styled cause coming on consideration of the pleadings and hearing held for sanctions, the [wife’s] Counterclaim is dismissed and as sanctions the Court enters the following .... ” Accordingly, the trial court granted the relief sought by the husband in his December 5, 2013, motion, i.e., it dismissed the wife’s counterclaim and granted the husband’s request for a divorce. A specific ruling was not made on the husband’s request to hold the wife in contempt, but, by implication, the request appears to have been denied.
The wife does not contend on appeal that the dismissal of her counterclaim was in error, and we note that such a dismissal is within the sanctioning power granted to a trial court in Rule 37(b)(2)(C), which authorizes a sanctioning court to enter “[a]n order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.” This court has stated:
“Rule 37(b)(2)(C), Ala. R. Civ. P., allows a trial court to enter sanctions, including dismissal of an action and entry of a default judgment, against a party who ‘fails to obey an order to provide or permit discovery.’ We note that the husband has not specifically challenged the trial court’s decision to impose the sanction of dismissing his counterclaim for a divorce.... Therefore, this opinion will not address the propriety of the trial court’s decision to dismiss the husband’s counterclaim for a divorce. See Tucker v. Cullman-Jefferson Counties Gas Dist., 864 So.2d 317, 319 (Ala.2003) (quoting Asam v. Devereaux, 686 So.2d 1222, 1224 (Ala.Civ.App.1996)) (holding that ‘ “[w]hen an appellant fails to properly argue an issue, that issue is waived and will not be considered” ’).”
Tucker v. Tucker, 60 So.3d 891, 897 (Ala.Civ.App.2010). The wife does not dispute that she failed to comply with discovery requests or the trial court’s motion to compel, and, therefore, any argument regarding the propriety of the trial court’s sanctioning the wife under Rule 37 has been waived.
The wife argues, however, that the trial court’s entry of the judgment divorcing the parties and addressing custody and support issues was not supported by any evidence. Specifically, she asserts “[i]t *64 would be necessary for more than just pleadings to be presented to the court” to support the judgment. The record in this case is sparse, and there is no transcript of any hearing in the trial court. The judgment states that it was entered “on consideration of the pleadings and hearing held for sanctions,” and not upon any other evidence. We have not been directed by the parties to any evidentiary support for the ground for divorce contained in the judgment. Without such evidence being provided, the trial court could not divorce the parties. See, e.g., Helms v. Helms, 50 Ala.App. 453, 455, 280 So.2d 159, 161 (Ala.Civ.App.1973) (reversing a judgment of divorce when there was no evidence in the record to support the ground of divorce). Likewise, we are not directed to any evidence to support the orders regarding custody, support, and visitation. In Tucker v. Tucker, 60 So.3d at 898, this court reversed a judgment when no evidence was introduced to “establish facts that would support the specific division of property, the award of child support, the custody determination, or any other specific relief ... awarded in the divorce judgment.” See also Rule 55(e), Ala. R. Civ. P. (“No judgment by default shall be entered against ... parties to an action for divorce or annulment of marriage unless the claimant establishes the party’s claim or right to relief by evidence.”).
Because the record presented to this court contains no evidence to support any portion of the divorce judgment, we reverse the judgment and remand this case for further proceedings.
REVERSED AND REMANDED.
THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.