DONALDSON, Judge.
*319 Melvin Morrow ("the husband") appeals from a judgment of the Dallas Circuit Court ("the trial court") that, among other things, divorces him from Lametrius Josenna Dillard ("the wife"), grants the wife sole physical custody of the parties' child, divides the husband's retirement benefits, awards attorney's fees, and awards half of the husband's prospective worker's compensation settlement benefits to the wife as child support. For the reasons discussed below, we affirm the judgment in part, reverse the judgment in part, and remand the cause for further proceedings.
Facts and Procedural History
The wife filed a complaint for a divorce in the trial court on July 19, 2016. In her complaint, the wife asserted that she and the husband had been ceremonially married on July 30, 2011. She also asserted that the parties "had resided together as husband and wife for some years prior" to their ceremonial marriage. The wife also asserted that the parties had a 10-year-old child, that she should receive sole physical custody of the child, that the husband should be ordered to pay child support, that she should receive one-half of the husband's prospective worker's compensation benefits, and that she should receive one-half of the husband's retirement benefits.
On October 20, 2016, the wife moved for a default judgment. The wife attached to her motion an affidavit from her attorney in which he testified, among other things, that the husband had been personally served by the Dallas County Sheriff on August 23, 2016, with a copy of the summons and complaint for a divorce and that the husband had failed to answer or otherwise defend the wife's complaint. On November 1, 2016, the wife submitted an affidavit entitled "Default Testimony" in which she testified, in part:
"While [the husband] and I were ceremonially married on July 30, 2011 ... we had resided together as husband and wife for at least five (5) years prior to that. During that time, we held ourselves out as husband and wife. Out of this marriage, one child was born, ... date of birth was May 23, 2006.
"There exists a complete incompatibility of temperament between [the husband] and myself, that we can no longer live together as wife and husband. [The husband] has not worked for some period of time and has no income. He does nothing to help me around the house. He verbally abuses me. I have been paying all the bills for many months. [The husband] states that when he receives his workmen's compensation settlement, he is going to leave me.
"I am a fit and proper person to have the care, custody and control of our minor son and do not believe that [the husband] is a fit and proper person to have such permanent custody and care over our child. I should be granted physical custody of said child and [the husband] should have reasonable visitation rights.
"As stated above, [the husband] is currently unemployed and claims to be disabled but I believe that he is capable of employment and earning an income and paying reasonable child support. As stated above, he is presently prosecuting a workmen's compensation claim .... [The husband] has informed me that he is meeting with his attorney in Montgomery on October 24, 2016 and will perhaps settle his workmen's compensation case on that date or on the court date which is October 25, 2016. I now understand the case has been put off until a later date. I do not know the amount of any settlement that he may obtain but I contend that I should be *320 awarded one-half (1/2) of any workmen's compensation amount payable to him for the maintenance, care and support of our minor child.
"In addition to the above, [the husband] has a vested retirement with International Paper Company, one of his former employe[r]s, with a current value of approximately $18,500.00 as shown by International Paper Retirement Plan Statement dated June 30, 2016, a copy of which is attached hereto.... I believe that I should be awarded at least one-half (1/2) of this retirement plan as alimony in gross or property settlement and that a lien should be imposed on the remainder to secure payment by [the husband] of future child support.
"I employed J. Garrison Thompson P.C. of Selma, Alabama as my attorney in this matter and he is representing me throughout these proceedings. Today, I have paid him the total sum of $855.00 which includes all court costs incurred to date. I do not have sufficient funds to pay Mr. Thompson an adequate fee for representing me in this cause and believe that [the husband] should be required to reimburse me for what I have paid plus a reasonable attorney's fee to Mr. Thompson."
On November 1, 2016, the trial court entered a "default decree" that divorced the parties based on incompatibility of temperament and granted sole physical custody of the parties' child to the wife. The trial court also ordered, among other things:
"5. As child support herein, the [the husband] is ordered to pay [the wife] (1/2) of any and all workmen's compensation benefits which he may receive in that certain workmen's compensation action filed by him against Lear Corporation EEDS and Interiors, being case number CV-2013-901029 in the Circuit Court of Montgomery County, Alabama.
"6. The Court retains jurisdiction of this cause for entry of additional orders regarding child support as may be necessary.
"7. As alimony in gross and property settlement, the Court does hereby award to the [wife] one-half (1/2) of any and all retirement benefits which [the husband] may have with International Paper Company. ...
"8. [The husband] is ordered to pay to J. Garrison Thompson, attorney for the [wife], attorney's fee and costs in the sum of $1,266.12, for which execution may issue."
On November 10, 2016, the husband filed a motion seeking to set aside the November 1, 2016, default judgment. In the motion, the husband claimed that he and the wife had been living together during the proceedings, that a hearing had been held on the wife's application for a default judgment without the knowledge of the husband, and that the wife had concealed the existence of that hearing. The husband also asserted, among other things, that he had not been properly served with the complaint and that the judgment violated § 25-5-86(2), Ala. Code 1975, with regard to the award of worker's compensation benefits. Only the first page of the husband's motion is contained in the record on appeal. On November 11, 2016, the trial court entered an order granting the husband's motion to set aside the default judgment and setting a hearing for January 30, 2017.
On January 26, 2017, the wife filed a motion seeking to have the trial court reconsider its order granting the husband's motion to set aside the default judgment. On January 30, 2017, the trial court entered an order stating that a hearing had *321 been held and directing the parties to submit proposed orders within 10 days.
On February 3, 2017, the trial court entered the following order:
"This matter coming on to be heard upon the [wife's] Motion to Reconsider this Court's Order granting [the husband's] Motion to Set Aside the Default Judgement of Divorce entered herein on November 1, 2016; and,
"The parties being present before the Court, together with their respective attorneys, and the Court having considered the Motions above described, the representations made by counsel, and the entire record in said cause, does find as follows:
"1. The [husband] herein was duly served with Summons and Compliant [sic] by the Sheriff of Dallas County, Alabama, on August 23rd 2016, as shown by the return of service appearing of record, which return is prima facie evidence of the fact of personal service of process. Wright v. Rogers, 435 So.2d 90 (Ala. Civ. App. 1983).
"2. In addition to personal service by the Sheriff, the [husband] did receive notice of the proceeding by ordinary mail from [the wife's] attorney upon his filing Application for Entry of Default on October 20th 2016 and [the husband] continued to take no action.
"3. The [husband] has produced no evidence establishing lack of service, nor discharged his burden of establishing lack of service by clear and convincing proof. AAA Sewing Machine Co. v. Shelby Finance Company, 384 So.2d 126 (Ala. Civ. App. 1980).
"4. It therefore appears that the default was the result of [the husband's] own culpable conduct. Kirtland v. Fort Morgan Authority Sewer Services, Inc., 524 So.2d 600 (Ala. 1988).
"5. With regard to [the husband's] assertion that he is uneducated, the Certificate of Divorce filed herein on November 28th 2016 shows that [the husband] has a high school education. It further appears to the Court from the representations made by counsel that [the husband] has worked at responsible jobs including International Paper Company and Renosol Company and further, that at the time the Divorce proceedings were pending, [the husband] was represented by counsel in prosecuting a workman's compensation action.
"6. [The husband] incorrectly asserts that the Divorce Decree violates Section 25-5-81(2), 1975 Alabama Code in that the Alabama Supreme Court has held that child support is not a 'debt', nor constitutes an exemption under the Alabama Workmen's Compensation Laws. Ex Parte McCall, 596 So.2d 4 (Ala. 1992).
"7. [The husband] has further failed to show that he has a meritorious defense to the Complaint nor that [the wife] will not be unfairly prejudiced if the Default Judgment is set aside. Kirtland v. Fort Morgan Authority Sewer Services, Inc., supra ; IT IS
"THEREFORE ORDERED AND ADJUDGED BY THE COURT that the [wife's] Motion to Reconsider is hereby granted, the Order of the Court of November 11, 2016 granting [the husband's] Motion to Set Aside Default Judgment is hereby set aside and vacated, and the Default Decree entered herein on November 1, 2016 is reinstated in its entirety."
(Capitalization in original.) On February 13, 2017, the husband filed a notice of appeal to this court.
Discussion
On appeal, the husband does not raise any issue regarding the procedure *322 followed in "reinstating" the default judgment that had been set aside. We also note that the husband does not address the factors a trial court should analyze in considering whether to set aside a default judgment as announced in Kirtland v. Fort Morgan Authority Sewer Service, Inc., 524 So.2d 600, 605 (Ala. 1988). Accordingly, we will not address those issues on appeal.
The husband argues on appeal that service of process of the divorce complaint upon him was "fraudulent" and that the judgment was entered without supporting evidence. The husband also argues that there is no evidence to support the child-custody, child-support, and alimony awards and the division of the husband's retirement and worker's compensation benefits. The husband further argues that, even if the evidence was sufficient to support the judgment, the trial court's award of one-half of undetermined prospective worker's compensation benefits as child support, the division of his retirement benefits without evidence indicating that the parties had been married the requisite 10 years, and the award of attorney's fees must be reversed.
I. Service of Process
With regard to the husband's argument that service of process upon him was "fraudulent," the husband has cited no authority in support of his position. It is well settled that "[t]his court will address only those issues properly presented and for which supporting authority has been cited." Asam v. Devereaux, 686 So.2d 1222, 1224 (Ala. Civ. App. 1996). "Rule 28(a)(10)[, Ala. R. App. P.,] requires that arguments in briefs contain discussions of facts and relevant legal authorities that support the party's position. If they do not, the arguments are waived." White Sands Grp., L.L.C. v. PRS II, LLC, 998 So.2d 1042, 1058 (Ala. 2008). In addition, the husband makes factual assertions in his brief related to the wife's alleged actions that are not contained in the record. An appellate court is "bound by the record, and cannot consider evidence set out in [a party's] brief, but not found in the record." Bonds v. Cooke & Wood Constr. Co., 37 Ala.App. 580, 581, 72 So.2d 856, 857 (1954).
II. Evidence to Support the Default Judgment
Regarding the argument that the judgment of divorce was entered without supporting evidence, we note that, pursuant to Rule 55(e), Ala. R. Civ. P., "[n]o judgment by default shall be entered against ... parties to an action for divorce or annulment of marriage unless the claimant establishes the party's claim or right to relief by evidence." In support of his argument, the husband cites Plummer v. Plummer, 361 So.2d 592 (Ala. Civ. App. 1978), Johnson v. Johnson, 168 So.3d 61 (Ala. Civ. App. 2014), and Tucker v. Tucker, 60 So.3d 891 (Ala. Civ. App. 2010).
In Plummer, the wife moved for the entry of a default judgment, and, after a hearing at which the wife testified, the trial court entered a default judgment in the wife's favor. The issue on appeal in Plummer involved whether the trial court should have granted the husband's Rule 60(b), Ala. R. Civ. P., motion to set aside the judgment as void. This court held that, because the trial court's judgment was entered after a hearing at which the wife testified, and because the husband did not include a transcript of that proceeding on appeal, this court would "conclusively presume" that the evidence not contained in the record supported the judgment. 361 So.2d at 593.
In Johnson, the trial court, on the husband's motion, entered a default judgment that divorced the parties, granted sole physical custody of the parties' child to the husband, and ordered the wife to pay child *323 support. This court reversed the judgment, finding that the record contained no testimonial evidence to support the judgment and noting that the trial court had stated that the judgment was entered " 'on consideration of the pleadings and hearing held for sanctions,' and not upon any other evidence." 168 So.3d at 64.
In Tucker, this court reversed a trial court's default judgment in favor of the wife in a divorce proceeding, finding that "the wife did not introduce any evidence to establish facts that would support the specific division of property, the award of child support, the custody determination, or any other specific relief that the wife was awarded in the divorce judgment." 60 So.3d at 898. This court, however, affirmed the default judgment "insofar as it dissolved the bonds of matrimony," finding that "the wife introduced evidence establishing the jurisdictional facts necessary to support a divorce." Id. at 899.
In this case, the wife submitted an affidavit in support of her motion for a default judgment in which she stated facts sufficient to grant a divorce based on incompatibility of temperament. Accordingly, there was sufficient evidence before the trial court to grant the relief requested "insofar as it dissolved the bonds of matrimony." Id.
As noted earlier, the husband also challenges the judgment insofar as it awards the wife a portion of his retirement benefits, grants custody of the child to the wife, awards attorney's fees, and awards a portion of his prospective worker's compensation benefits as child support.
III. Retirement Benefits
As this court has previously recognized, § 30-2-51(b), Ala. Code 1975, provides that
"the trial judge may divide the value of any retirement benefits in which one spouse has a vested interest or is receiving on the date the action for divorce is filed, provided that the parties have been married for 10 years as of that date, that the judge divides only those retirement benefits acquired during the marriage, and that the judge awards the noncovered spouse no more than 50 percent of the benefits that may be considered by the court."
Smith v. Smith, 836 So.2d 893, 899-900 (Ala. Civ. App. 2002).
In order for the trial court to have properly awarded the wife one-half of the husband's retirement benefits, the trial court must have received evidence indicating that the parties had been married for at least 10 years and must have determined what benefits were acquired during the marriage and whether the husband had a vested interest in those benefits. See § 30-2-51(b).
In challenging the trial court's award of retirement benefits, the husband argues only that the parties had not been married the requisite 10 years. In support of his argument, the husband cites Xiangming Zha v. Ningyong Xu, 108 So.3d 1054 (Ala. Civ. App. 2012), in which this court reversed the judgment because "the parties were not married for the statutorily required 10 years" and the trial court appeared to have improperly considered the husband's retirement benefits in awarding a property settlement to the wife. Id. at 1056.
The wife's affidavit in this case showed that, although the parties had not been ceremonially married for 10 years, the parties had held themselves out as husband and wife-i.e., had been married at common law-and had resided as husband and wife for at least five years before their ceremonial marriage on July 30, 2011, which would total at least 10 years of *324 marriage. In order "[t]o establish a common-law marriage, there must be a present agreement or mutual understanding to enter into the marriage relationship, the parties must be legally capable of making the contract of marriage, and there must follow cohabitation as man and wife and a public recognition of that relationship." Luther v. M & M Chem. Co., 475 So.2d 191, 193 (Ala. Civ. App. 1985).[1] The husband did not address the portion of the wife's affidavit asserting the existence of a common-law marriage in his principal brief on appeal. In his reply brief, the husband attempts to contradict the wife's factual assertions in her affidavit that formed the basis of her claim of a common-law marriage; however, the wife's affidavit testimony was uncontradicted in the trial court. Therefore, the trial court could have been clearly convinced that the parties had been in a common-law marriage before their ceremonial marriage and that the length of the marriage was greater than 10 years. See Adams v. Boan, 559 So.2d 1084, 1087 (Ala. 1990) (explaining that, "[o]nce married, by common law or by ceremony, the spouses are married").
The husband has not argued that his retirement benefits were not accumulated during the parties' marriage, see § 30-2-51(b)(1), nor has the husband challenged, at either the trial or appellate level, any aspect of the award of retirement benefits other than the finding that the parties had been married 10 years. Accordingly, the husband has waived any other challenge to the award of retirement benefits. See Boshell v. Keith, 418 So.2d 89, 92 (Ala. 1982) ("When an appellant fails to argue an issue in its brief, that issue is waived."). Accordingly, the trial court's judgment related to the award of retirement benefits is affirmed.
IV. Child Custody
In the judgment, the trial court granted the wife sole physical custody of the parties' child and granted the husband visitation rights.
"When the trial court makes an initial custody determination, neither party is entitled to a presumption in his or her favor, and the 'best interest of the child' standard will generally apply. Nye v. Nye, 785 So.2d 1147 (Ala. Civ. App. 2000) ; see also Ex parte Byars, 794 So.2d 345 (Ala. 2001). In making an initial award of custody based on the best interests of the children, a trial court may consider factors such as the ' "characteristics of those seeking custody, including age, character, stability, mental and physical health ... [and] the interpersonal relationship between each child and each parent." ' Graham v. Graham, 640 So.2d 963, 964 (Ala. Civ. App. 1994) (quoting Ex parte Devine, 398 So.2d 686, 696-97 (Ala. 1981) ).... Other factors the trial court may consider in making a custody determination include 'the sex and age of the [children], as well as each parent's ability to provide for the [children's] educational, emotional, material, moral, and social needs.' Tims v. Tims, 519 So.2d 558, 559 (Ala. Civ. App. 1987). The overall focus of the trial court's decision is the best interests and welfare of the children."
Steed v. Steed, 877 So.2d 602, 604 (Ala. Civ. App. 2003).
In her affidavit, the wife included the child's name and age and stated:
"I am a fit and proper person to have the care, custody and control of our minor son and do not believe that [the husband] is a fit and proper person to *325 have such permanent custody and care over our child. I should be granted physical custody of said child and [the husband] should have reasonable visitation rights."
The wife also testified in her affidavit that the husband had been unemployed, had refused to help the wife around the house, had refused to pay bills, and had verbally abused the wife. On appeal, the husband does not point to any deficiencies in the wife's affidavit to support the judgment granting her physical custody of the child but, instead, argues without a citation to authority that a hearing should have been held. Based on the undisputed evidence, the trial court could have determined that the child's best interest would be served by granting sole physical custody to the wife. Accordingly, the portion of the judgment relating to child custody is also affirmed.
V. Attorney's Fees
The husband next challenges the trial court's award of attorney's fees to the wife. The trial court ordered the husband to pay $1,266.12 for the wife's attorney. " 'This court reviews an award of an attorney fee on an abuse-of-discretion standard.' " Beck v. Beck, 142 So.3d 685, 696 (Ala. Civ. App. 2013) (quoting Mahaffey v. Mahaffey, 806 So.2d 1286, 1292 (Ala. Civ. App. 2001) ). In her affidavit, the wife testified that she had paid $855 to her attorney, which included court costs. She also submitted an itemized bill from her attorney, which totaled $1,266.12 and indicated a remaining unpaid balance of $411.12. The attorney-fee award is supported by the evidence contained in the record, and we cannot say that the trial court exceeded its discretion in awarding that fee.
VI. Child Support and Worker's Compensation Benefits
The husband challenges the trial court's judgment awarding the wife one-half of the husband's undefined prospective worker's compensation benefits to fulfill an undetermined child-support obligation. In support, the husband cites § 25-5-86(2), Ala. Code 1975, which provides that "[c]laims for compensation, awards, judgments, or agreements to pay compensation owned by an injured employee or his or her dependent shall not be assignable and shall be exempt from seizure or sale or garnishment for the payment of any debt or liability." This court has held that " § 25-5-86 does not exempt workmen's compensation from garnishment for the satisfaction of [a parent's] child support obligation." McCall v. McCall, 596 So.2d 2, 4 (Ala. Civ. App. 1991). Our supreme court, in affirming this court's opinion in McCall, stated: "The exemption [in § 25-5-86(2) ] should not be used to relieve a person from an obligation to support his or her spouse or children." Ex parte McCall, 596 So.2d 4, 6 (Ala. 1992). In McCall, the trial court determined that the child-support obligor owed a specific child-support arrearage and this court determined that the obligor's worker's compensation benefits were not exempt from satisfying that arrearage. Unlike in McCall, neither the child-support amount nor the prospective worker's compensation benefits have been determined or awarded in the present case.
In reviewing the record to find some basis for the trial court's child-support award, we note the absence of any child-support forms as required by Rule 32, Ala. R. Jud. Admin.
"A noncustodial parent's child-support obligation is governed by the mandatory application of Rule 32, Ala. R. Jud. Admin.
*326 Smith v. Smith, 587 So.2d 1217 (Ala. Civ. App. 1991). Rule 32(E), Ala. R. Jud. Admin., states that '[a] standardized Child Support Guidelines form and a Child Support Obligation Income Statement/Affidavit form shall be filed in each action to establish or modify child support obligations and [that those forms] shall be of record and shall be deemed to be incorporated by reference in the court's child support order.' (Emphasis added.) The filing of the child-support-guidelines forms required under Rule 32(E) is mandatory. Martin v. Martin, 637 So.2d 901 (Ala. Civ. App. 1994). This court has consistently held that the failure to file the required child-support-guidelines forms in compliance with Rule 32(E) where child support is made an issue on appeal is reversible error. Holley v. Holley, 829 So.2d 759 (Ala. Civ. App. 2002) ; Gordon v. Gordon, 804 So.2d 241 (Ala. Civ. App. 2001) ; and Martin v. Martin, supra."
Wilkerson v. Waldrop, 895 So.2d 347, 348-49 (Ala. Civ. App. 2004). See also Batain v. Batain, 912 So.2d 283, 285 (Ala. Civ. App. 2005) (reversing child-support judgment because this court could not "discern the basis for the trial court's child-support judgment"). Because the record lacks any of the required child-support forms and lacks any evidence regarding the parties' incomes, we reverse the trial court's judgment as to its award of child support. Based on our holding, we need not decide whether worker's compensation benefits may be attached to satisfy a prospective child-support award.
The portions of the judgment granting the parties a divorce based on incompatibility, granting the wife sole physical custody of the child, awarding the wife one-half of the husband's retirement benefits, and awarding the wife attorney's fees are affirmed; the remainder of the judgment related to child support and the award of worker's compensation benefits is reversed, and the cause is remanded for proceedings consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
Thompson, P.J., and Pittman, Thomas, and Moore, JJ., concur.

We note that the legislature has provided that "[n]o common-law marriage may be entered into in this state on or after January 1, 2017." § 30-1-20(a), Ala. Code 1975.